STATE OF NEW JERSEY, APPELLANT, v.
ISAAC AARON LEWIS, RESPONDENT.

Argued February 18, 1975—Decided March 25, 1975.

Mr. *Mart Vaarsi,* Deputy Attorney General, argued the cause for appellant (Mr. *William F. Hyland,* Attorney General, attorney; Mr. *Vaarsi,* of counsel and on the brief).

Mr. *Michael N. Boardman, of Boardman and Epstein,* Designated Counsel, argued the cause for respondent (Mr. *Stanley C. Van Ness,* Public Defender, attorney; Mr. *Boardman,* on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J. Defendant was convicted of second degree murder. On appeal the conviction was reversed by the Appellate Division in an unreported opinion. We granted the State's petition for certification, 66 *N. J.* 324 (1974), specifically limiting our review, however, to the single issue considered by the Appellate Division and set forth in the paragraph immediately below.

The facts presented at trial left no doubt that defendant had committed the killing; his only substantial defense was alleged insanity. The sole reason given by the Appellate Division for reversal was that the trial judge had failed to define for the jury the meaning of the term "preponderance of the evidence."

 This State follows the rule that in criminal cases insanity is an affirmative defense which the defendant must establish by a preponderance of the evidence. Most recently this Court restated the rule in these terms:

> New Jersey adheres to the rule that in a criminal case the State does not have to prove that the defendant is sane. If insanity is raised as a defense, the defendant has the burden of proving insanity and unless he does so by a preponderance of the evidence he stands in the position of a sane person responsible in law for his actions. [*State v. DiPaglia,* 64 *N. J.* 288, 293 (1974)]

In his main charge the trial judge instructed the jury as to the test to be applied in determining legal insanity. He

did not, however, refer to the defendant's burden of proof. Defense counsel took exception to this failure and requested a supplemental charge. To this the judge acquiesced and said to the jury,

. . . I have told you several times that the State has to prove the charges against the defendant beyond a reasonable doubt, however, on the question of sanity, the same quality of proof, the same degree of proof coming from the defendant is not required. Where the defendant raises the defense of insanity he need only prove it by a preponderance of the evidence . . .

At that point defense counsel indicated that he was satisfied with the charge. Accordingly the issue reached the Appellate Division and comes before us as plain error. *R. 2:* 10–2. By the terms of this rule an "appellate court may in the interests of justice notice plain error not brought to the attention of the trial or appellate court." We have defined plain error as being

* * * legal impropriety * * * prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result. [*State v. Hock*, 54 N. J. 526, 538 (1969)]

The State readily concedes that preferable practice requires under the circumstances of a case such as this that the phrase "preponderance of the evidence" be defined. This may be done in a number of ways. For instance, our own Model Jury Charge, Criminal, 3:180 states as follows:

The term "fair preponderance of the evidence" means the greater weight of credible evidence in the case. It does not necessarily mean the evidence of the greater number of witnesses but means that evidence which carries the greater convincing power to our minds.

Any other satisfactory definition would suffice. See, for instance, 9 *Wigmore, Evidence* (3rd ed.), § 2498, as well as the provocative discussion by Judge Frank in *Larson v. Jo Ann Cab Corp.*, 209 *F*. 2d 929 (2nd Cir. 1954). Much

can be said in support of the suggestion that the issue be presented to the jury in terms of probability. For instance, that the jury must be "convinced by the evidence that the truth of [the] proposition is more probable than its falsity." Morgan, "Instructing the Jury upon Presumptions and Burden of Proof," 47 *Harv. L. Rev.* 59, 67 (1933).

Be that as it may the only issue we are called upon to decide is whether under the facts of this case it was plain error on the part of the trial judge to fail to include a definition of the term "preponderance of the evidence." We disagree with the Appellate Division and conclude that the omission was not plain error. To decide otherwise would be tantamount to a determination that a failure to include this definition would almost automatically constitute reversible error. We think the phrase is one that is generally understood and that the average juror will without more understand from these words the nature of the test to which he is required to subject the evidence. Of course, we agree with both the defendant and the State that it is a far better practice that the phrase "preponderance of the evidence" be explained and defined.

During the course of summation, defense counsel made the following statement to the jury:

> I have to prove that he was insane with the preponderance of the proof. In other words, I have to make you think that he was insane and give you that 51 per cent edge. I think that's the law. You see in order to find him guilty you have to believe he's guilty beyond a reasonable doubt. But in order for you to find he was insane, that's my obligation. The State has the obligation of proving him guilty beyond a reasonable doubt. In order to find him insane I have to prove to you that he was insane by a preponderance of the proof. In other words, a little bit more than 50 per cent.

The jury, of course, should receive its instructions as to the law from the trial judge rather than from trial counsel. By this we do not mean to criticize defense counsel in this case in any way. The comment was entirely appropriate and where in fact a statement of this sort is included in summa-

tion we believe that an appellate court is justified in taking it into account in reaching its decision as to whether an omission on the part of the trial judge may or may not have been plain error and cause for reversal.

It is accordingly our conclusion that the decision of the Appellate Division was in error. We therefore reverse its judgment and direct that the judgment of conviction be reinstated.

*For reversal*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—7.

*For affirmance*—None.