STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDDIE COLLIER, DEFENDANT-APPELLANT.

Argued February 23, 1982—Decided July 6, 1982.

*Stephen E. Serbe,* Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. VanNess,* Public Defender, attorney).

*Roger S. Mitchell,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The issue on this appeal is whether the trial court's direction of a verdict of guilty on a charge of contributing to the delinquency of a minor is harmless error in the trial of a charge for rape. The Appellate Division found the instruction to be harmless and affirmed the conviction. We believe the erroneous instruction contributed to the jury verdict on the charge of rape.

Consequently, we reverse and remand the matter for a new trial.

## I

Defendant, Collier, was tried in 1978 on a two-count indictment. The first count charged him with the rape of a 16-year-old girl and the second count charged him with contributing to the girl's delinquency. Both the complainant and the defendant testified that they had participated in an act of sexual intercourse, but their versions differed drastically.

The complainant testified that she was walking along a street in a residential area of Berkeley Township at about 4:00 p. m. in September 1976 when she noticed defendant walking behind her. When defendant arrived alongside of her, she said "Hi" and stopped to light a cigarette. He asked her for directions to a nearby club. She testified that before she could answer, he grabbed her by the throat and jaw and keeping his grip on her, guided her into nearby woods. He told her to lie down, but she protested: "I told him, I said, now if I go home with my hair messed up then my grandmother's gonna think something." Complainant testified further that defendant told her he would stop if he hurt her. The act of intercourse occurred, after which defendant fled. Complainant went immediately to a nearby community center where the police and her grandmother were called. The grandmother took complainant, who was crying hysterically, to an area hospital.

The defendant, on the other hand, testified that he left the Garden State Parkway to buy gasoline and became lost trying to return to the Parkway. He parked his car and was walking to obtain directions when complainant approached him and asked for a cigarette. After a brief conversation, the girl suggested that "You can do anything you want to do around here." She reassured him, "Hey, I've done it many other times, quite a few times, so everything is okay." Without describing all the details, his version is that they engaged in consensual intercourse.

Medical tests established the fact of intercourse, but there was no evidence of force, such as bruises or cuts. Thus, the evidence required the jury to choose between the credibility of the versions proffered by the complaining witness and the defendant.

At the close of the evidence, the trial court informed counsel that it intended to direct the jury to return a verdict of guilty on the charge of contributing to the delinquency of a minor. Defense counsel objected, arguing that such a charge "taints the entire procedure." Nonetheless, the court told the jury that it was "going to do something unusual" and direct them to find the defendant guilty of contributing because "intercourse with a minor female is an illegal act." Defense counsel repeated his objection at the end of the charge.

The jury deliberated for about two and one-half hours before sending a note to the court that it was unable to reach a verdict. The court urged the jury to continue. One juror raised a hand, as if to ask a question, but the court stated it could not engage in colloquy with an individual juror. The jury then resumed deliberating and 26 minutes later returned its verdict of guilty on both counts.

At sentencing, the trial court found that the contributing charge "is in fact included" in the rape charge. The trial court then sentenced the defendant to a prison term of five to seven years, but released him on $5,000 bail pending appeal. Defendant remains free on bail.

In an unreported opinion, the Appellate Division affirmed the conviction on the rape charge, but directed that the judgment of conviction be amended to show that the contributing charge had been merged into the rape count. The Appellate Division agreed that the instructions to the jury on contributing to the delinquency of a minor had been erroneous, both by directing a guilty verdict and by concluding that the mere sexual act was itself likely to contribute to a minor's delinquency. Nonetheless, the court found the errors harmless because it did not believe

that the jury was misled in its consideration of the rape charge by the error in the charge on the contributing count.

The prosecution concedes that the trial court committed error in directing a verdict on the contributing charge, but contends the error was harmless. We conclude, however, that the error was not harmless, that it violated defendant's constitutional rights, and that it deprived him of a fair trial.

## II

The right to trial by jury holds a hallowed place in both the United States Constitution, amend. VI, and the New Jersey Constitution. *N.J.Const.* (1947), Art. I, par. 9. Under the New Jersey Constitution, the right must "remain inviolate," *id.*, and is to be "scrupulously protected from encroachment or impairment with respect to a criminal defendant." *State v. Simon,* 79 *N.J.* 191, 199 (1979). Integral to that right is a jury verdict free from untoward interference from any source, including the court. Consequently, no matter how compelling the evidence, a trial court may not direct a verdict against a defendant in a criminal case. *Sandstrom v. Montana,* 442 *U.S.* 510, 516 n.5, 99 *S.Ct.* 2450, 2455 n.5, 61 *L.Ed.2d* 39 (1979); *United States v. Martin Linen Supply Co.,* 430 *U.S.* 564, 572–73, 97 *S.Ct.* 1349, 1355, 51 *L.Ed.2d* 642 (1977); *United Brotherhood of Carpenters v. United States,* 330 *U.S.* 395, 408, 67 *S.Ct.* 775, 782, 91 *L.Ed.* 973 (1947); *Sparf v. United States,* 156 *U.S.* 51, 105, 15 *S.Ct.* 273, 294, 39 *L.Ed.* 343 (1895); *State v. Simon, supra,* 79 *N.J.* at 199; *State v. Lopez,* 160 *N.J.Super.* 30, 37 (App.Div.1978).

In addition, "[a]ppropriate and proper charges to a jury are essential for a fair trial." *State v. Green,* 86 *N.J.* 281, 287 (1981). At the heart of the guarantee of a fair trial is the "jury's impartial deliberations upon the guilt of a criminal defendant based solely upon the evidence in accordance with proper and adequate instructions . . . ." *State v. Simon, supra,* 79 *N.J.* at 206. Because of the importance of proper instructions to the right of trial by jury, erroneous instructions on matters or

issues material to the jury's deliberations are presumed to be reversible error. *See State v. Green, supra,* 86 *N.J.* at 291.

If the trial court had directed a verdict on the charge of rape, we would not hesitate to reverse. Similarly, if the defendant had been tried solely on the charge of contributing to the delinquency of a minor, the asserted error on this appeal would justify reversal. Here, however, we must consider whether the directed verdict on the contributing charge constituted reversible error with respect to the more serious charge of rape. In determining whether the jury could have been influenced to the defendant's prejudice, we must consider the entire charge. *State v. Wilbely,* 63 *N.J.* 420, 422 (1973). Moreover, we recognize that the directed verdict on the contributing charge improperly impinged on the sensitive area of jury deliberation. *See State v. Simon, supra,* 79 *N.J.* at 206. Accordingly, a presumption of reversible error arises and we may excuse that error, in the context of the charge as a whole, only if it is "harmless beyond a reasonable doubt." *Chapman v. California,* 386 *U.S.* 18, 24, 87 *S.Ct.* 824, 828, 17 *L.Ed.*2d 705 (1967).

Judged against this stringent constitutional standard, the erroneous instruction was not harmless beyond a reasonable doubt. Indeed, our review of the record leads to the contrary conclusion; that is, the error contributed to the guilty verdict.

The testimony differed sharply and apparently left the jury in doubt about the guilt of the defendant. The import of the directed verdict on the contributing charge was that the trial court told the jury that, no matter whom they believed, the defendant's conduct was criminal. In a case where so much turned on credibility, the likelihood that the jury was improperly influenced by such a suggestion cannot be gainsaid.

Furthermore, if the jury had considered both charges, it is possible that it might have decided to return a verdict of guilty on the contributing charge instead of a verdict of guilty on the rape charge. By directing a guilty verdict on the contributing charge, however, the court limited the jury's role to a consideration of the rape charge. *Cf. State v. Wynn,* 21 *N.J.* 264, 269

(1956) (trial court may not instruct jury in homicide case that its choice is between guilty of first degree murder or not guilty; lesser degree should be charged as well); *State v. Lopez, supra,* 160 *N.J.Super.* at 36–38 (trial court refused to permit jury to consider lesser included offense; *held,* result was to direct a verdict on more serious charge).

In effect, the partial directed verdict on the contributing charge impaired the jury's ability to assess objectively the defendant's guilt on the rape charge. *Cf. State v. Ingenito,* 87 *N.J.* 204, 216–17 (1981) (proof of possession of firearms by proving prior conviction for unlicensed transfer of weapons constitutes improper use of collateral estoppel and impinges on right to trial by jury); *State v. Simon, supra,* 79 *N.J.* at 199 (special interrogatories to jury impermissible because of "their potential for destroying the ability of the jury to deliberate upon the issue of guilt or innocence free of extraneous influences").

Given the constitutional dimension of the trial court's error, our function on this appeal is not to decide whether the record supports a finding of guilt. Instead, our task is to determine whether it is beyond a reasonable doubt that the erroneous charge did not contribute to the guilty verdict. So constrained, we cannot say that the error was harmless. Even if we concluded that the record supported the conviction of guilt, defendant may not be deprived of the constitutional right of a jury verdict reached under proper instructions. *Bollenbach v. United States,* 326 *U.S.* 607, 614–15, 66 *S.Ct.* 402, 405–06, 90 *L.Ed.* 350 (1946).

The Attorney General, Appellate Division, and our dissenting colleagues agree that the trial court erred in directing a verdict on the contributing charge. Their difference with our opinion concerns the effect of that error. To avoid any future confusion about the extent of our decision, we hold that a trial court should not direct a verdict in any criminal case.

For the preceding reasons, we reverse the judgment of the Appellate Division, vacate the judgment of conviction and remand the matter to the Law Division for a new trial.

CLIFFORD and SCHREIBER, JJ., dissenting.

We vote to affirm the judgment of conviction of rape. In its opinion the Appellate Division pointed out the following:

In its charge to the jury the trial court made general introductory remarks that emphasized the responsibility of the jury to determine the question of credibility. The court then gave the standard charge on rape as applicable to count one. During that charge, the court instructed the jury that if the victim consented to the act of sexual intercourse, there should be no conviction on count one. The jury was instructed that nonconsent was an essential element of the crime of rape and that consent, however reluctant, would negate the crime. The jury was further instructed that the victim's submission to the act did not necessarily imply consent if it was the result of compelling force or fear. The jury was further instructed that if it found that the defendant's will was overcome by fear, then the necessary element of nonconsent was present.

After having instructed the jury as to the legal elements of rape encompassed in count one, the trial court then proceeded to direct the jurors that they "must return a verdict of guilty on the second count", contributing to the delinquency of a minor. The court below pointed out that whereas there is no objection to a court removing from the jury's consideration an uncontroverted fact, even when that fact constitutes an element of the crime charged, *State v. Mack*, 131 *N.J.Super.* 542, 546 (App.Div. 1974), nevertheless the direction to return a guilty verdict was erroneous. We agree. But the question here is whether that error should result in a reversal of the judgment of conviction for rape ultimately entered on the jury's verdict. On that score the Appellate Division correctly analyzed the problem as follows:

The standard to be applied is whether the legal impropriety in the charge prejudicially affected the substantial rights of the defendant and possessed a clear capacity to bring about an unjust result. *State v. Lewis*, 67 *N.J.* 47 (1975); *State v. Melvin*, 65 *N.J.* 1, 18–20 (1974); *State v. Macon*, 57 *N.J.* 325, 336 (1971); *State v. Hock*, 54 *N.J.* 526, 538 (1969), *cert. den.*, 399 *U.S.* 930 [90 *S.Ct.* 2254, 26 *L.Ed.2d* 797] (1970). In connection therewith the entire charge must be reviewed in order to determine the overall effect. *State v. Freeman*, 64 *N.J.* 66, 69 (1973).

Our review of the charge to the jury indicates that the trial judge in his general introductory remarks to the jury properly outlined the responsibilities of the jury as well as the substantive elements of the first count. In his charge he clearly differentiated between the first and the second count. A reading of the charge indicates that on numerous occasions the court reiterated the essential

elements of rape and emphasized that lack of consent was an essential element of such crime. The judge instructed the jury that if the victim consented to the act of sexual intercourse, there could be no conviction on count one. He instructed the jury that nonconsent was an essential element of the crime of rape and that consent, however reluctant, would negate that crime. He further instructed the jury that the victim's submission to the act did not necessarily imply consent if it was the result of compelling force or fear. He also properly instructed the jury that if it found that the victim's will was overcome by fear, the necessary element of nonconsent was present. During the course of charging the jury he carefully distinguished between the two counts. He informed the jury that his direction concerning count two referred to that count only and that the jury must find the elements of rape beyond a reasonable doubt before it could convict the defendant on count one. There is no reason to suspect that the jury did not comply with these instructions. *State v. Bellucci*, 165 *N.J.Super.* 294, 301 (App.Div.1979), mod., 81 *N.J.* 531 (1980).

A review of the totality of the charge indicates that in this case the directing of a verdict of guilty on count two did not possess a clear capacity to bring about an unjust result and did not prejudice defendant. A consideration of the record as a whole makes it clear that the evidence of defendant's guilt and the lack of consent by the victim was clearly supported by substantial credible evidence, and therefore the error was harmless. *State v. Ryan*, 157 *N.J.Super.* 121, 127 (App.Div.1978).

Clearly defendant was not prejudiced by the erroneous segment of the charge because he was not sentenced on count two. It was inferentially merged with count one and the trial judge considered only count one at sentencing. Therefore, we find that there was not reversible error.

We would affirm.

*For reversal* —Chief Justice WILENTZ, and Justices PASHMAN, HANDLER, POLLOCK and O'HERN—5.

*For affirmance* —Justices CLIFFORD and SCHREIBER—2.