STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GREGORY RAGLAND, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1984—Decided January 8, 1985.

---

[1] The authority to impose a term of imprisonment of up to 364 days as a condition of probation under *N.J.S.A.* 2C:44-1(e) does not reduce the expressed minimum terms for which sentences of imprisonment may be imposed under *N.J.S.A.* 2C:11-3, 2C:43-6, 7, 8 or 2C:44-5.

Before Judges MATTHEWS, FURMAN and COHEN.

*Joseph H. Rodriguez*, Public Defender of New Jersey, attorney for appellant (*Maurice J. Molyneaux*, Assistant Deputy Public Defender, of counsel and on the brief).

*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney for respondent (*Catherine A. Foddai*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MATTHEWS, P.J.A.D.

Defendant was charged in a five-count indictment, handed up by an Essex County Grand Jury on August 27, 1981. The indictment charged him with conspiracy to commit armed robbery, second degree (*N.J.S.A.* 2C:5–2, Count One), unlawful possession of a weapon, third degree (*N.J.S.A.* 2C:39–3b, Count Two), unlawful possession of a weapon without a permit, third degree (*N.J.S.A.* 2C:39–5c(1), Count Three), unlawful possession of a weapon, third degree (*N.J.S.A.* 2C:39–5c(2), Count Four), and possession of a weapon by a convicted felon, fourth degree (*N.J.S.A.* 2C:39–7, Count Five).

On defense counsel's motion, Count Five was severed before trial so as not to prejudice defendant with respect to the other charges. *See, State v. Middleton,* 143 *N.J.Super.* 18, 23 (App. Div.1976), aff'd *o.b.* 75 *N.J.* 47 (1977).

A trial on the matter was held before a jury. Defendant exercised his constitutional right not to testify. At the close of its case, the State moved to dismiss Count Four as duplicative of Count Three. The motion was granted. Defense counsel then moved for judgments of acquittal on the remaining counts but his motion was denied. Defendant was subsequently convicted on Counts One, Two and Three.

The trial judge then stated that the same jury would try defendant on the Fifth Count. Defense counsel objected, arguing that defendant was entitled to a new trial with a new jury. He stated that use of the same jury would violate defendant's constitutional right to a trial by jury since defendant would be collaterally estopped from challenging the possession element of the offense.

The judge was not persuaded by defense counsel's argument. Finding the use of the same jury constitutionally permissible, he stated:

> It would be ludicrous in this Court's opinion to have the issue presented again when there has already been a finding by the jury, and when the defendant has

had full opportunity to participate in the jury trial of that issue wherein he was adequately represented and confronted with the witnesses against him.

Before the Fifth Count was tried, the court gave the jury the following instruction:

> [E]ven at this stage as to that count the defendant is still presumed to be innocent until proven guilty, and all of the other instructions that I have given regarding the presumption of innocence as in the other case apply to this count as well, and it is still the State's burden to prove the defendant guilty of the offense beyond a reasonable doubt.

The State was then allowed to present its case on the Fifth Count, which consisted solely of the introduction of a certified copy of defendant's prior record into evidence. At side bar, the judge had overruled defense counsel's general objection that, because the record contained a violation of probation, it should not be offered for jury consideration.

The judge then gave the jury its full instructions. In pertinent part, he charged them as follows:

> If you find that the defendant, Gregory Ragland, was previously convicted for the crime of robbery and that he was in possession of a sawed-off shotgun, as you have indicated on June 22, 1981, then you must find him guilty as charged by this Court.
>
> If, on the other hand, you have any reasonable doubt concerning any essential element of this crime, then you will find him not guilty.
>
> All of the instructions that you have previously received apply as well to this finding.

Shortly thereafter, the jury returned with a verdict of guilty on the Fifth Count.

When defendant appeared before the sentencing judge on March 11, 1983, he was committed to the custody of the Commissioner of the Department of Corrections as follows:

> Count One—Conspiracy to commit robbery: ten (10) years and a penalty of $500 payable to the Violent Crimes Compensation Board (VCCB);
>
> Count Two—Unlawful possession of a weapon: five (5) years concurrent with Count One and a penalty of $25 payable to VCCB;
>
> Count Three—Unlawful possession of weapon without a permit: five (5) years concurrent with sentence imposed on Count One and a penalty of $25 payable to VCCB, and
>
> Count Five—Possession of weapon by a convicted felon: eighteen (18) months consecutive to Count One and a penalty of $25 payable to VCCB.

In addition, the court imposed a parole disqualifier of five (5) years. The judge did not specifically state upon which count the parole disqualifier was to be imposed. However, the sentence imposed on Count One was 10 years and the other convictions resulted in sentences of five years or less. Thus, it is clear that the court imposed the disqualifier on Count One.

## I.

The right to a trial by an impartial jury is guaranteed under both the state and federal constitutions. *N.J. Const.* (1947) Art. 1, § 9; *U.S. Const.* Art. 3, § 2, Cl. 3; *U.S. Const.* amend. VI and XIV. The essence of the jury function has been found to "include determining the facts in the case, considering all of the relevant admissible evidence bearing upon the charges, evaluating the credibility of witnesses, assessing the weight and worth of evidence, and deciding the ultimate guilt or innocence of a defendant in light of the underlying evidence." *State v. Ingenito,* 87 *N.J.* 204, 212 (1981).

Defendant contends that his right to a jury trial was violated by the judge's refusal to empanel a new jury to sit for the trial on Count Five, possession of a weapon by a convicted felon. His argument appears to rest on these premises: (a) the failure of the State to meet its burden with respect to the possession element; (b) the unconstitutional use of collateral estoppel, and (c) an improper jury instruction by the court which diluted the presumption of innocence.

### (a)

### *Failure of State to Meet its Burden of Proof*

Defendant argues that in order for a defendant be found guilty of an offense, each essential element must be proved beyond a reasonable doubt. There are two essential elements in the offense under review: possession of a weapon, and a prior felony conviction. Defendant claims that the only evidence introduced by the State on Count Five was a certified copy of a prior conviction record and that no evidence was

introduced regarding possession, other than the testimony that had previously been given in the first part of the bifurcated trial. He argues that the jury should not have been permitted to consider this prior evidence, since the defendant was constitutionally entitled to have each element of an offense proved anew. We disagree.

The State's failure to introduce evidence with respect to possession in Count Five did not prevent jury consideration of evidence tending to prove possession introduced earlier. The State was still obligated to prove all of the elements of the crime beyond a reasonable doubt and the jury, as fact-finder, had to determine whether the State met its burden. The mere fact that the State satisfied its burden sequentially did not lessen that burden.

### (b)

### *Unconstitutional Use of Collateral Estoppel*

Defendant argues that use of the same jury in both parts of the bifurcated trial precluded defendant from relitigating possession in Count Five and constituted an impermissible collateral estoppel. Thus, he claims, the jury was not able properly to fulfill its responsibility of determining all of the facts and weighing all of the evidence related to the offense. Because of this, defendant says that he was denied his constitutional right to a jury trial.

The procedure used did not constitute a collateral estoppel. Under the definition cited by defendant, collateral estoppel is "that branch of the law of *res judicata* which bars relitigation of any issue which was actually determined in a prior action, generally between the same parties involving a different claim or cause of action." *State v. Gonzalez*, 75 *N.J.* 181, 186 (1977) (emphasis added). The first part of a bifurcated trial is not "a prior action" with respect to the second part of the trial, given that the same jury sits throughout both parts.

In *State v. Ingenito*, 169 *N.J.Super.* 524 (App.Div.1979), rev'd 87 *N.J.* 204 (1981), defendant was charged, in multiple counts,

with the unlicensed transfer of weapons, receipt of stolen property and possession of a firearm by a previously convicted felon. As in this case, the trial judge granted a motion to sever the latter charge from the others so as not to prejudice defendant. After a jury trial, defendant was convicted of the unlicensed transfer of weapons. One week later, a different jury convicted him of the severed charge. In so doing, it did not consider any new evidence as to possession, but relied solely on the finding of the first jury.

In reversing this court, the Supreme Court found that collateral estoppel was impermissibly applied against defendant, thereby invading the factfinding and ultimate decisional functions of the jury:

> If an essential element of a case is presented as concluded or settled, effectively withholding from the jury crucial underlying facts, the jury's capacity to discharge fully its paramount deliberative and decisional responsibilities is irretrievably compromised. It follows in such circumstances that the defendant's jury right will have been commensurately abridged. [87 *N.J.* at 213]

Also, that

> [T]he right to a jury in a criminal trial ordinarily includes the right to have the *same* trier of the fact decide all of the elements of the charged offense. Unless the same jury is permitted to deliberate meaningfully upon *all* the issues that are crucial to a verdict of guilt or innocence of the particular crime charged, a defendant will not have secured the jury right contemplated by the Constitution. [87 *N.J.* at 217]

Although we believe it to be instructive to consider *Ingenito,* we perceive that a major distinction exists between it and this case. In *Ingenito,* there were two separate trials and two separate juries. In this case, there was one trial, albeit a bifurcated one, and one jury. The jury sat for both parts of the trial and was not precluded from hearing any of the evidence on the element of possession. Thus, its capacity to discharge its responsibilities was not compromised, as in *Ingenito.* We believe that this distinction renders the principles relied on by the court in finding constitutional flaw in the procedure used in *Ingenito* inapposite to this case.

We conclude that the procedure used in this case did not constitute collateral estoppel. In *Ingenito*, the late Judge Morgan in her concurring opinion in this court, wrote:

> Had the second trial immediately followed the verdict in the first, and to the same jury, there would have been no need to repeat the evidence of the possession which the jury heard and passed on in its return of the first verdict. [169 *N.J.Super.* at 533]

Although this court was subsequently reversed on the merits, the Supreme Court declined to pass upon the validity or the feasibility of this "procedural alternative to the prosecutorial use of collateral estoppel." 87 *N.J.* at 217 n. 6.

In the absence of any prejudice, judicial economy is properly served by allowing the jury to refer to the evidence supporting its previous finding of possession. Defendant had full opportunity to introduce evidence and present witnesses before the jury. He could have introduced additional evidence negating the possession element in the second part of the trial, but declined to do so.

*Ingenito* states the following test of constitutionality:

> [T]he ultimate test of any device's constitutional validity remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt. *Ulster County Court v. Allen*, 442 *U.S.* 140, 156 [99 *S.Ct.* 2213, 2224, 60 *L.Ed.*2d 777] (1979). [87 *N.J.* at 220]

Under that test, we can see no reason why the procedure used in this case should not pass constitutional muster.

### (c)

### *Improper Jury Instruction*

■ Defendant argues that the judge's jury instructions merely directed a verdict for conviction and diluted his presumption of innocence. The jury was instructed twice during the second part of the trial. Before argument on the fifth count, the judge emphasized that defendant was "still presumed to be innocent until proven guilty," and stated that "all of the other instructions ... given regarding the presumption of innocence as in the other case apply to this count as well, and

it is still the State's burden to prove the defendant guilty of the offense beyond a reasonable doubt." In addition, after the State presented its case, and the defense rested, the jury was instructed that it must find defendant guilty if it determined that he had a prior felony conviction and that he was in possession of a sawed-off shotgun. As to this latter element of the offense, for which no evidence was introduced in the trial of Count Five, the judge pointed out that the jury had previously found defendant guilty.

We reject the contention that such instructions constituted a directed verdict, and hence, diluted the presumption of innocence. Although the judge referred to the jury's previous finding of possession, the record clearly establishes that the State had presented a prima facie case and proved each essential element beyond a reasonable doubt.

## II.

During trial on the charge of possession of a weapon by one previously convicted of a crime, the State offered into evidence a certified copy of defendant's prior convictions. Defense counsel objected to the admission because the record sheet included a notation that defendant had violated probation on the previous robbery which formed the basis for the present charge. The judge overruled defendant's objection and admitted the certified copy of the record of convictions into evidence. He found that the probation violation impacted on the sentence, which was part of the judgment of conviction.

Defendant now contends that he was unduly prejudiced by the admission of the unedited copy of the record of conviction, thereby denying him a fair trial.

While we agree with defendant's position taken at trial that whatever sentence was imposed is "basically irrelevant," we do not find that defendant's violation of probation would have a tendency in reason to prove this material fact, *Evid.R.* 1(2).

The question for the jury to decide was whether there had been a conviction or not.

Even if we assume that it was error for the trial judge to have admitted the unedited record, we are satisfied the admission did not unfairly prejudice defendant. The record clearly supports the conclusion, beyond a reasonable doubt, that the jury would have reached the same verdict without the admission. If there was error, we find it to be harmless. *State v. Macon,* 57 *N.J.* 325, 340 (1971).

### III.

Defendant also contends that the trial judge was in error in failing to move on his own initiative for a judgment of acquittal at the close of all the evidence (raised as plain error), and that the sentence imposed was manifestly excessive and unduly punitive. We find no merit in either of these arguments. *R.* 2:11–3(e)(2).

Affirmed.