STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
GREGORY RAGLAND, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Originally Submitted November 28, 1984—Decided January 8, 1985.
Remanded by Supreme Court
March 29, 1985—Reconsidered and Decided
July 30, 1985.

Before Judges MATTHEWS, FURMAN and RICHARD S. COHEN.

*Thomas S. Smith*, Acting Public Defender, attorney for appellant (*John H. Fitzgerald*, Assistant Deputy Public Defender, of counsel and on the letter brief).

*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney for respondent (*Catherine A. Foddai*, Deputy Attorney General, of counsel and on the supplemental letter brief).

PER CURIAM.

In *State v. Ragland*, 198 *N.J.Super.* 330 (App.Div.1985), we affirmed defendant's conviction and sentence. On March 29, 1985, the Supreme Court granted defendant's petition for certification and summarily remanded the matter to us solely for reconsideration of the directed verdict issue in light of *State v. Ingram*, 98 *N.J.* 489 (1985), and *State v. Collier*, 90 *N.J.* 117 (1982).

Defendant argues that the trial court's instructions to the jury with respect to the charge of possession of a weapon by one previously convicted of a crime directed a verdict of guilt on the charge, thereby violating his right to a fair trial.

 A jury charge must adequately set forth the elements of an offense. *State v. Green*, 86 *N.J.* 281 (1981). In considering the propriety of instructions given the jury, the appellate court must review the charge in its entirety; reversal of a conviction is warranted only if the instruction in its entirety proves to be misleading or prejudicially ambiguous. *State v. Hipplewith*, 33 *N.J.* 300, 317 (1960). In reviewing a charge, an appellate court must determine whether it conveyed the essential elements of the offense to the jury in a comprehensible and complete manner. *State v. Hale*, 45 *N.J.* 255, 264–265 (1965), app. dism. and *cert.* den. 384 *U.S.* 884, 86 *S.Ct.* 1981, 16 *L.Ed.*2d 1001 (1965).

The right to trial by jury in a criminal case has been recognized by the New Jersey Supreme Court as a right to be "scrupulously protected from encroachment or impairment...." *State v. Simon*, 79 *N.J.* 191, 199 (1979). As such,

the Court has recognized that the jury's verdict must be guarded against any "untoward interference" from any source, including that of the court, *State v. Collier*, 90 *N.J.* at 122, and consequently, a court may not direct a verdict against a criminal defendant, no matter how compelling the evidence. *Sandstrom v. Montana*, 442 *U.S.* 510, 516 n. 5, 99 *S.Ct.* 2450, n. 5, 61 *L.Ed.*2d 39 (1979); 90 *N.J.* at 124. Even though a presumption of prejudice will arise from a directed verdict, however, that error will be considered harmless error when viewed in the context of the entire charge to the jury which otherwise properly sets forth the applicable law. 90 *N.J.* at 123.

In this case, after that portion of the bifurcated trial which dealt with the substantive charges against defendant, the trial court set forth the elements of each of the crimes defendant was alleged to have committed and carefully noted that

[S]ince the State has made these charges against the defendant, it must bear the burden of proof throughout the trial of establishing the defendant's guilt beyond a reasonable doubt. Before the defendant can be found guilty by you, you must find that each element of the offense, as I have defined it for you, is proven beyond a reasonable doubt. The burden of proof is on the State. It never shifts. It remains on the State throughout the whole trial of the case, and no burden with respect to proof is imposed on the defendant. I have already told you he is not obliged to prove his innocence, and this is so because a person charged with a crime is presumed to be innocent until proven guilty beyond a reasonable doubt. And this presumption of innocence abides with him throughout the trial, so that when you go from the bar of the Court to the jury room to deliberate you enter that jury room with the presumption of innocence still protecting the defendant. The presumption of innocence is only wiped out if and when you unanimously reach the conclusion that the defendant is guilty of the offense charged beyond a reasonable doubt.

Similarly, during the second portion of the bifurcated trial, the court instructed the jury about the reason for the bifurcation and reread the previous charge. The court further instructed the jury that the presumption of innocence still applied to defendant as did the State's burden of proof beyond a reasonable doubt. The State presented no new evidence on the possession but moved into evidence certified copies of defendant's prior convictions. Thereafter, the court reminded the

jurors of their function as fact finders and instructed them on the elements of the crime concluding with the following:

If you find that the defendant, ... was previously convicted for the crime of robbery and that he was in possession of a sawed-off shotgun, as you have indicated on June 22nd, 1981, then you must find him guilty as charged by this Court.

If, on the other hand, you have any reasonable doubt concerning any essential element of this crime, then you will find him not guilty.

All of the instructions that you have previously received apply as well to this finding.

With an alarming lack of candor, the public defender in his brief quotes only the first paragraph of this portion of the judge's charge, and then argues:

The court's instruction effectively told the jury that they could refer not just to the evidence presented at the prior proceeding but they could even refer to their prior finding that the defendant possessed a weapon. The court then went even further and told the jury, in effect, that if they now decided that they had previously found that the defendant possessed a gun, as would any juror who was awake at the time of the prior decision would, then they *must* find the defendant guilty. In making that statement the court clearly directed the jury's verdict within the meaning of *State v. Ingram*, 98 *N.J.* 489 (1985), and *State v. Collier*, 90 *N.J.* 117 (1982)....

■ The complete instructions, as quoted, set forth with clarity and specificity the State's burden of proof as to each element of the offense and did not remove *any* element of the crime from the jury's consideration. The jury was perfectly free to reject its earlier finding that defendant was in possession of the weapon and acquit the defendant of the charge of possession of a weapon by one previously convicted of a crime.

Defendant's reliance upon *State v. Collier, supra,* is misplaced. In *Collier,* defendant was charged with contributing to the delinquency of a minor and rape. During its instructions, the trial court directed the jury to find defendant guilty of the contributing charge and deliberate solely on the rape count. The Supreme Court, noting that the trial testimony differed sharply, determined that the trial court's action contributed to the guilty verdict on the rape charge because, in effect, "the trial court told the jury that, no matter whom they believed, the defendant's conduct was criminal. In a case where so much turned on credibility, the likelihood that the jury was improper-

ly influenced by such a suggestion cannot be gainsaid." *State v. Collier*, 90 *N.J.* at 123. Also significant to the decision was the fact that, by directing a verdict on the contributing charge, the trial court limited the jury's options to a consideration of the rape charge alone, precluding the jury from finding that defendant was innocent of the rape charge but guilty of the contributing charge.

In contrast to this improper diminution and restriction of the jury's function as fact finder, the trial court in this case in no way limited the jury's consideration of the evidence before it. The jury was not ordered to find defendant guilty of *any* charge and was free to return a not guilty verdict on the possessory charge. Moreover, unlike *Collier*, the jury was not precluded from deliberating on all the charges against defendant nor was it "tainted" by receiving instructions from the trial court which made clear that defendant's conduct was in some way criminal. 90 *N.J.* at 123. When considered as a whole, as jury charges must be, *State v. Hipplewith*, 33 *N.J.* 300 (1960), it is clear that the instructions were totally proper.

Our reading of *State v. Ingram, supra*, 98 *N.J.* 489, satisfies us that it is not apposite to the question we have been ordered to reconsider. We reaffirm our prior judgment.