STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
GREGORY RAGLAND, DEFENDANT-APPELLANT.
Submitted October 15, 1985—Decided November 21, 1985.

---

*John H. Fitzgerald,* Assistant Deputy Public Defender, submitted a brief on behalf of appellant (*Thomas S. Smith, Jr.,* Acting Public Defender, attorney).

*Catherine A. Foddai,* Deputy Attorney General, submitted a letter in lieu of brief on behalf of respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

PER CURIAM.

On remand from this Court, the Appellate Division reaffirmed the defendant's conviction for possession of a weapon by a convicted felon, contrary to *N.J.S.A.* 2C:39-7. In its original decision, the Appellate Division summarized the relevant facts:

Defendant was charged in a five-count indictment, handed up by an Essex County Grand Jury on August 27, 1981. The indictment charged him with conspiracy to commit armed robbery, second degree (*N.J.S.A.* 2C:5-2, Count One), unlawful possession of a weapon, third degree (*N.J.S.A.* 2C:39-3b, Count Two), unlawful possession of a weapon without a permit, third degree (*N.J.S.A.* 2C:39-5c(1), Count Three), unlawful possession of a weapon, third degree (*N.J. S.A.* 2C:39-5c(2), Count Four), and possession of a weapon by a convicted felon, fourth degree (*N.J.S.A.* 2C:39-7, Count Five).

On defense counsel's motion, Count Five was severed before trial so as not to prejudice defendant with respect to the other charges. *See State v. Middleton,* 143 *N.J.Super.* 18, 23 (App.Div.1976), aff'd *o.b.* 75 *N.J.* 47 (1977).

A trial on the matter was held before a jury. Defendant exercised his constitutional right not to testify. At the close of its case, the State moved to dismiss Count Four as duplicative of Count Three. The motion was granted. Defense counsel then moved for judgments of acquittal on the remaining counts but his motion was denied. Defendant was subsequently convicted on Counts One, Two and Three.

The trial judge then stated that the same jury would try defendant on the Fifth Count.

\* \* \*

Before the Fifth Count was tried, the court gave the jury the following instruction:

> [E]ven at this stage as to that count the defendant is still presumed to be innocent until proven guilty, and all of the other instructions that I have given regarding the presumption of innocence as in the other case apply to this count as well, and it is still the State's burden to prove the defendant guilty of the offense beyond a reasonable doubt.

The State was then allowed to present its case on the Fifth Count, which consisted solely of the introduction of a certified copy of defendant's prior record into evidence. \* \* \*

The judge then gave the jury its full instructions. In pertinent part, he charged them as follows:

> If you find that the defendant, Gregory Ragland, was previously convicted for the crime of robbery and that he was in possession of a sawed-off shotgun, as you have indicated on June 22, 1981, then you must find him guilty as charged by this Court.
>
> If, on the other hand, you have any reasonable doubt concerning any essential element of this crime, then you will find him not guilty.
>
> All of the instructions that you have previously received apply as well to this finding.

Shortly thereafter, the jury returned with a verdict of guilty on the Fifth Count.

[198 *N.J.Super.* 330, 333–34 (1984).]

In that decision, the Appellate Division affirmed the conviction on all counts. In particular, without citing any authority, the court sustained that part of the trial court's jury instructions that, in effect, directed a verdict of conviction on the fifth count of the indictment, which charged the defendant with possession of a weapon by a convicted felon. *Id.* at 338–39.

We granted defendant's petition for certification, and "summarily remanded to the Appellate Division solely for reconsideration of the directed verdict issue in light of *State v. Collier*, 90 *N.J.* 117 (1982), and *State v. Ingram*, 98 *N.J.* 489 (1985)." In all

other respects, the petition for certification was denied. 101 *N.J.* 251 (1985).

On remand, the Appellate Division reaffirmed its prior judgment, finding that the effect of the jury instruction was not to direct a verdict on the charge of unlawful possession of a weapon by a convicted felon. 203 *N.J.Super.* 192 (1985). Once again the defendant has petitioned for certification, and again we grant the petition. We find that the unavoidable effect of the charge was to direct a guilty verdict on the fifth count of the indictment.

In our order of remand, we directed the attention of the Appellate Division to our opinion in *State v. Collier, supra,* 90 *N.J.* 117, in which we reversed a conviction for rape in a case where the trial court had directed a guilty verdict on a related charge of contributing to the delinquency of a minor. In that opinion, we wrote: "To avoid any future confusion about the extent of our decision, we hold that a trial court should not direct a verdict in any criminal case." *Id.* at 124. In the present case, the trial court's charge runs afoul of that holding.

The judgment of conviction for possession of a weapon by a convicted felon is summarily reversed, and the matter is remanded to the Law Division for a new trial.

*For reversal and remandment* —Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For affirmance*—None.