STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JAMES FREEMAN AND JAMES SMITH, DEFENDANTS-RESPONDENTS.

Argued October 24, 1973—Decided December 4, 1973.

*Mr. R. Benjamin Cohen,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

*Mr. Robert J. Konzelman,* Assistant Deputy Public Defender, argued the cause for respondents (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

The opinion of the Court was delivered by

PASHMAN, J.   Defendants were found guilty by a jury of robbery and assault with intent to commit sodomy.  On appeal, in an unreported opinion the Appellate Division reversed the convictions on the ground that the trial judge committed error in his charge to the jury.  We granted the State's petition for certification.  64 *N. J.* 151 (1973).

The State contends that the Appellate Division erred when it held that the trial court's charge and supplemental charge

to the jury were confusing and left the jury with the impression that it could not find one or the other of defendants guilty without finding both defendants guilty on the several charges.

The proofs offered by the State showed that defendant Smith induced complainant to accompany him to a hotel upon the promise of a party in progress. When they arrived, they found Freeman and a third man, but little evidence of any festivities. Disenchanted with his new-found friends, complainant attempted to leave but was "smacked around" by defendants. Complainant was thrown on a bed, pinioned, and the act of sodomy was committed upon his person. Smith took $13.50 from the victim, and Freeman was seen handling some of the money a short while later.

When certain his captors had dozed off, the complainant retrieved his clothes and quickly made his retreat. A prompt report of the episode brought police immediately to the scene, and defendants were apprehended.

■ Defense argues that the trial judge did not clearly inform the jury that it could return different verdicts for each or both of the codefendants and as to each of the charges being tried. Of course, such an error would prejudice the right to a fair trial. A jury mistaken on the law in this regard, if persuaded of the innocence or guilt of one defendant, might return a verdict of which it was unsure against a codefendant to make certain that justice be done in the one definite instance. *State v. Carroll,* 51 *N. J.* 102, 106 (1968); *State v. Wesler,* 137 *N. J. L.* 311, 317 (Sup. Ct. 1948), aff'd 1 *N. J.* 58 (1948). And see *State v. Sturchio,* 127 *N. J. L.* 366 (Sup. Ct. 1941).

■ The danger of prejudice by association underlies all joint trials. To defeat the peril, judges take great pains to charge the individual nature of offenses jointly tried. *State v. Aiello,* 91 *N. J. Super.* 457, 466 (App. Div.), certif. den. 48 *N. J.* 138 (1966), *cert.* den. 388 *U. S.* 913, 87 S. Ct. 2106, 18 *L. Ed. 2d* 1351 (1967). Whether or not the jury

labored under the misapprehension that the same verdict had to be returned for both defendants is the question before this Court. We believe the trial judge succeeded in communicating the law to the jury, although admittedly not with the neat precision with which it might have been accomplished.

In assaying the measure of success in the jury charge, we bear in mind the established principle that the reviewing court does not excise and examine in isolation those statements alleged to be obscure or ambiguous, but looks to the charge as a whole. *State v. Wilbely,* 63 *N. J.* 420, 422 (1973); *State v. Laws,* 50 *N. J.* 159, 176 (1967), *cert.* den. 393 *U. S.* 971, 89 S. Ct. 408, 21 *L. Ed. 2d* 384 (1968); *State v. Council,* 49 *N. J.* 341 (1967); *State v. Hipplewith,* 33 *N. J.* 300, 317 (1960).

The judge's initial charge to the jury included the following:

*And for you to find the defendant or both of them, the defendants guilty of this charge* the State must prove each and everyone of the following elements beyond a reasonable doubt. * * *

I will now set forth your verdicts. Your verdict should be in proper form. And we really have three offenses to dispose of here and you must bring in three separate verdicts and a verdict of guilty or not guilty of each of the three. The first one is the robbery charge and then the second offense is this sodomy charge and there is a third in this case and that is the assault with intent to commit sodomy.

Now, when you come to decide upon your verdict, *if you are satisfied on all of the evidence that the crime charged and each of its elements have been proved against the defendant beyond a reasonable doubt* as I have defined reasonable doubt to you, your verdict will be and must be guilty and if you are not satisfied, so satisfied your verdict must be not guilty. (Emphasis added.)

Defense counsel offered timely objection to the instructions:

And you have to tell them that they have to decide each case individually your Honor. ·

The judge recalled the jury to clarify the charge, and the codefendant issue was only one of several points which the judge had agreed to restate. On the jury's return, the judge charged as follows:

*First of all you are to make independent individual determinations of the guilt or innocence of these defendants, of both Mr. Smith and Mr. Freeman and as to one the robbery and as to two the sodomy* and in the event that on the sodomy charge you find that some of the elements of the sodomy were not proven to you and you are not satisfied beyond a reasonable doubt of their guilt then you will go to take up the question of the assault with intent to commit sodomy, you see. Now, I had instructed that you had three verdicts to bring out. But you really have two, one on the robbery and number two on the sodomy but if you don't find sodomy you will then turn and determine whether or not there was an assault with intent to commit sodomy and if you do find that that will make your second determination. (Emphasis added.)

Timely objection was made to the second charge.[1]

The Appellate Division felt that this second charge, rather than elucidating the law, only confounded it more and

---

[1]One of the defense attorneys stated:

> I don't think that the Court has made it clear that they can come back with two different verdicts here with regard to each defendant, your Honor.

The following colloquy then transpired:

> THE COURT: I find that I did charge them and that's the first thing I said on the recharge.
>
> The first thing on the recharge was that they could find individually different verdicts for the two.
>
> MR. BONOMO: I'm sorry, Your Honor, maybe I didn't hear it.
>
> MR. LUCID: Yes, I think you did say that.
>
> MR. BONOMO: I apologize if you said it.
>
> MR. DANIELLE [Prosecuting attorney]: I remember you saying it.
>
> THE COURT: All right. I'm satisfied, are you satisfied?
>
> MR. BONOMO: I'm satisfied.

The State did not argue on appeal that defense had waived its objection by reason of the foregoing colloquy. We note that under the rules, *R.* 2:10-2, the Court has jurisdiction to correct plain error, whether objected to or not. A "waiver" under these circumstances would certainly not preclude this Court's review.

magnified the ambiguity created by the first charge, and so reversed the conviction and ordered a new trial.

We feel certain that the jury was not misled as to its prerogatives for the rendering of differing verdicts. An examination of the entire instruction certainly evinces the distinct impression that there are two independent charges and two individual defendants. Surely the underscored language betokens that reading. Further, the very fact that the jury was recalled may have had a curative value, since it was in anticipation of a corrective charge; upon that recharge, the very first instruction concerned the status of codefendants.

Although the judge's charge, at times, failed to distinguish explicitly between separate defendants and separate indictments, thereby creating the potential for uncertainty, we hold that the charge read in its entirety avoided that possibility. It fairly set forth the controlling legal principles and fairly submitted the crucial factual issues to the jury for its determination.

The decision of the Appellate Division is hereby reversed, and the judgment of conviction is reinstated.

*For reversal*—Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.