253 N.J. Super. 368 (1992)
601 A.2d 1174
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES R. THOMAS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1991.
Decided January 27, 1992.
*369 Before Judges GAULKIN, BRODY and MUIR, Jr.
Edmund J. Tucker, Special Deputy Attorney General In Charge, Acting Union County Prosecutor, attorney for appellant (Steven J. Kaflowitz, Special Deputy Attorney General, of counsel and on the letter brief).
No brief was filed on behalf of respondent.
The opinion of the court was delivered by BRODY, J.A.D.
*370 This appeal requires us to interpret N.J.S.A. 2C:35-12 (section 12), which permits the State and a defendant to enter into a plea agreement that, if accepted by the court, would result in a prison sentence for a term less than the term mandated by the Comprehensive Drug Reform Act of 1986 (the act), N.J.S.A. 2C:35-1 et seq. Pursuant to a plea agreement, defendant pled guilty to a first-degree drug offense that requires an unspecified term of imprisonment and a period of parole ineligibility within the usual range under the Code. The trial judge held that section 12 prohibited him from imposing a prison term and period of parole ineligibility less than what the prosecutor recommended. We disagree.
Defendant was convicted of possessing 5 ounces or more of cocaine with the intent to distribute it, a violation of N.J.S.A. 2C:35-5a(1) and b(1). The offense is a crime of the first degree, carrying the following mandatory prison sentence:
... The defendant shall, except as provided in N.J.S. 2C:35-12, be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole. [N.J.S.A. 2C:35-5b(1).]
The mandatory aspect of the sentence is satisfied by imposing any prison sentence authorized by the Code for a first-degree offense as long as it includes a period of parole ineligibility within the range appropriate to the prison term imposed.
N.J.S.A. 2C:43-6a(1) and N.J.S.A. 2C:43-7a(2) authorize, respectively, ordinary prison terms of 10 to 20 years and, for those who qualify, extended prison terms of 20 years to life imprisonment for first-degree crimes. In addition, N.J.S.A. 2C:44-1f(2) authorizes imposition of a prison term in the range of a second-degree crime for first-degree criminal offenders who qualify. N.J.S.A. 2C:43-6a(2) authorizes ordinary prison terms of 5 to 10 years for second-degree crimes. Thus, depending on a defendant's circumstances, the mandatory prison term for an N.J.S.A. 2C:35-5b(1) first-degree drug offense may be as *371 little as 5 years and as much as life imprisonment.[1] Whatever the sentence may be, the act requires that it include a period of one-third to one-half of the base term during which the defendant shall be ineligible for parole.
Defendant pled guilty to this first-degree drug crime in return for the prosecutor's promise to recommend a prison term of 10 years, one-third of the term to be served before parole eligibility. That is the lowest ordinary prison term and parole ineligibility period available when sentencing within the range of a first-degree crime. However, the recommendation also left the judge free to impose an even lower prison term and parole ineligibility period within the range available for a second-degree crime and still satisfy the statutory mandate that a prison sentence and parole ineligibility period be imposed. N.J.S.A. 2C:43-6a(2); State v. Merritt, 230 N.J. Super. 211, 553 A.2d 70 (Law Div. 1988). Indeed, defendant's attorney argued at the sentencing hearing that defendant qualified for a second-degree prison sentence because, in the words of the Code, it was clear that "the mitigating factors substantially outweigh[ed] the aggravating factors and ... the interest of justice demand[ed]" the lower sentence. N.J.S.A. 2C:44-1f(2).
The sentencing judge imposed the prison term recommended by the prosecutor even though it appears that he was inclined to sentence defendant within the range available for a second-degree crime but erroneously believed that section 12 foreclosed that option:
I will abide by the plea agreement and find and do hold the mitigating outweighs the aggravating and that the interests of justice require that he be sentenced as a second degree offender  strike that for a second, please. No, strike that.
I sentence him to the lower range of the first degree offense. Counsel would have me sentence him as a second-degree offender, and I can't do that, counsel. *372 But the mitigating does outweigh the aggravating, and I will abide by the plea agreement.
Defendant did not appeal.
In the present proceeding, defendant seeks post-conviction relief arguing that he had pled guilty because he received ineffective assistance of counsel. The matter was heard by the sentencing judge. After taking testimony, he found that defendant's attorney had induced defendant to plead guilty by advising him erroneously that he would be sentenced as a second-degree offender if the judge concluded that he qualified. The judge determined that defendant's expectation in that regard could not be fulfilled because section 12 prohibits a court from imposing any sentence other than the sentence recommended by the prosecutor. The judge therefore permitted defendant to withdraw his plea and ordered that the charges in the indictment be tried. We granted the State leave to appeal from that interlocutory order.
N.J.S.A. 2C:35-5b(1) provides that imposition of a mandatory prison sentence and period of parole ineligibility is subject to section 12, which provides:
Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition. In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement. [N.J.S.A. 2C:35-12; emphasis added.]
The emphasized language makes it clear that section 12 applies only where the prison sentence or period of parole ineligibility recommended by the prosecution, either before or after trial, is less than the sentence mandated by the act.
*373 The 1987 Legislative Commentary to section 12 explains that a key reason for authorizing the prosecution to relieve certain defendants accused of drug crimes from the act's mandatory prison sentences and periods of parole ineligibility is to induce them to cooperate in the prosecution of others who are more culpable:
A number of the most serious offenses defined in this act require the imposition of mandatory terms of imprisonment and mandatory terms of parole ineligibility. These mandatory minimum terms can only be waived or reduced pursuant to a negotiated plea or post conviction agreement with the prosecuting authority. It is essential in drug cases that prosecutors be able to secure the cooperation (in the form of confidential information and testimony) of certain lower and middle level offenders to be able to identify, apprehend, prosecute and convict the more culpable, higher echelon members in a given drug distribution network. For this reason, one of the key objectives of this section and of the act is to provide persons engaged in illicit drug activities with strong incentives to cooperate with law enforcement to overcome the perceived and substantial risks associated with turning State's evidence and exposing their superiors, suppliers and affiliates.
Under this section, the trial court would retain the discretion afforded under current practice to reject a proffered plea agreement where the court finds that the interests of justice would not be served by effectuating that agreement. See R. 3:9-3. If the court chooses to accept a guilty plea offered pursuant to a negotiated agreement, however, it would, for the purpose of imposing sentence, thereafter be bound by the specific terms and conditions of that negotiated agreement. [Cannel, Criminal Code Annotated, Comment N.J.S. 2C:35-12.]
A trial judge who accepts a plea agreement in which the State recommends a sentence less severe than the sentence mandated by the act may not impose an even lesser sentence. The Legislative Commentary to section 12 elaborates on the point:
This section also expressly recognizes that a plea agreement is essentially a form of contract between the State and a defendant which is ratified and enforced by the courts. Under current law, it is established that the court may not impose a sentence greater than that contemplated by a plea agreement, since that would be deemed to violate the defendant's understanding of his agreement to enter a guilty plea. Courts are free under current law, however, to impose a lesser sentence than that contemplated by a negotiated agreement, and may even elect to suspend the imposition of sentence altogether. This section expressly precludes a court from imposing a lesser prison term or fine than that expressly mandated by a plea agreement. [Ibid.]
Thus, where the State has concluded that in return for cooperation a defendant should be relieved to some extent from the *374 severity of a mandated sentence, the court is not free to relieve the defendant any further.
However, unless the prosecutor's recommendation is for "a lesser sentence or period of parole ineligibility" than the act mandates, section 12 does not limit the judge's sentencing discretion to accepting or rejecting the recommendation. Therefore, to determine whether section 12 applies in a particular case, the recommendation must be compared to the minimum sentence mandated by the act. In many instances, including the present one, the act merely mandates that the defendant be imprisoned and serve an ordinary period of parole ineligibility. In such a case, a recommendation for any term of imprisonment and period of parole ineligibility authorized by the Code satisfies the mandate of the act and section 12 therefore would not apply. A recommendation of no imprisonment or a prison term without a full period of parole ineligibility would be subject to section 12.
In some instances the act mandates a minimum prison term or period of parole ineligibility that is greater than generally authorized by the Code. For instance, the leader of a narcotics trafficking network must be sentenced to "an ordinary term of life imprisonment during which the person must serve 25 years before being eligible for parole." N.J.S.A. 2C:35-3. A recommendation for a lesser sentence or period of parole ineligibility would be subject to section 12. A more common example is distributing drugs, other than less than one ounce of marijuana, on or within 1,000 feet of school property. That offense, a third-degree crime, carries a mandatory prison term that must include a period of parole ineligibility of at least three years. N.J.S.A. 2C:35-7. A recommendation for a lesser sentence or period of parole ineligibility would be subject to section 12. State v. Bridges, 252 N.J. Super. 286, 599 A.2d 919 (App.Div. 1991).
The recommendation for the present first-degree crime was a 10-year prison term, one-third of the term to be served *375 before parole eligibility. That recommendation is not "a lesser sentence or period of parole ineligibility" than is mandated by the act. The recommendation is therefore not subject to section 12 and the sentencing judge was free to impose any lesser prison sentence and period of parole ineligibility authorized generally by the Code for a person convicted of a first-degree crime. Had the judge found that defendant qualified, the judge was free to impose a prison sentence within the range of a second-degree crime together with a period of parole ineligibility appropriate to the term imposed.
If, as the judge found, defendant's attorney had induced him to plead guilty in the expectation of receiving a second-degree prison sentence if the judge found him qualified for such a sentence, defendant's expectation was correct and there is no basis for permitting him to withdraw his plea. In view of the sentencing judge's erroneous belief that section 12 prohibited such a sentence, the proper remedy is for the judge to reconsider the sentence.
Reversed and remanded for resentencing.
NOTES
[1] A probationary term conditioned on a period of imprisonment in the county jail does not qualify as a term of imprisonment mandated by the act. See State v. O'Connor, 105 N.J. 399, 405-410, 522 A.2d 423 (1987) (imprisonment in the county jail does not satisfy presumption of imprisonment).