**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2805-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAHSJAHN COURTNEY,

     Defendant-Appellant.

_____

Submitted March 19, 2019 – Decided April 3, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-06-0324.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Rahsjahn Courtney appeals from his sentence following his 2017 conviction for first-degree possession of heroin. Defendant, who pled guilty, argues the sentencing court improperly rejected his request for imposition of a lesser sentence than the one recommended by the State because the court mistakenly determined it was obligated to impose the recommended sentence. We disagree and affirm.

I.

Defendant was charged in an indictment with a single count of first-degree possession of heroin with intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1) and (b)(1). The charges were based on the seizure of approximately 7000 folds of heroin, some of which were laced with fentanyl, from defendant's vehicle.

In 2010, defendant was convicted of third-degree possession of cocaine with the intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1), for which he successfully completed three years of probation. As a result, if defendant was convicted of the possession with intent to distribute heroin charge, he was eligible, upon application by the State, to a mandatory extended term sentence and minimum period of parole ineligibility under N.J.S.A. 2C:43-6(f).

2

Defendant negotiated a plea agreement with the State. In exchange for pleading guilty to the first-degree possession and distribution charge, the State agreed to recommend a fourteen-year custodial sentence with a sixty-three-month period of parole ineligibility. The State also agreed not to request a mandatory extended term sentence under N.J.S.A. 2C:43-6(f), which would have exposed defendant to a sentence of twenty years to life and a period of parole ineligibility of between one-third and one-half the base term.

It is clear from the record that defendant understood that his conviction for first-degree possession with intent to distribute exposed him to a mandatory extended term sentence and period of parole ineligibility under N.J.S.A. 2C:43-6(f). For example, before he entered his plea, the State prepared a Plea Negotiation Worksheet in accordance with the Attorney General guidelines, issued pursuant to the Supreme Court's decision in State v. Brimage, 153 N.J. 1 (1998). The worksheet showed defendant's "[m]ost serious Brimage-eligible offense" was for first-degree distribution, and defendant's conviction subjected him to a mandatory extended term sentence under N.J.S.A. 2C:43-6(f).

In addition, defendant's plea form expressly provided that the "State and defendant agreed that defendant will be sentenced to [fourteen] years in [New Jersey State Prison] with [sixty-three] months to be served without parole." It

further stated that the "plea agreement is based on the State's agreement not to file [for] an [e]xtended [t]erm pursuant to N.J.S.A. 2C:43-6(f)." In a supplemental plea form "for non-negotiated pleas" executed by defendant, the State, and the sentencing judge, defendant acknowledged that the court would sentence him as stated in the plea form.[1]

Further, consistent with the Plea Negotiation Worksheet, the State set forth its plea offer in a written communication to defendant. The State tendered a graduated plea offer with an initial offer (which expired after the arraignment status conference) of twenty years with a fifty-four-month parole disqualifier; followed by a second offer (which expired two weeks after the conference) of twenty-two years with a sixty-month parole disqualifier; and a third offer (which expired at the pre-trial conference) of twenty-four years with a parole ineligibility period of sixty-three months. This third offer was still in effect when the State agreed to a ten-year reduction in defendant's base term to fourteen years with a sixty-three-month parole disqualifier.

---

[1] Despite the court using the "non-negotiated" plea form, the parties do not dispute that defendant entered a negotiated plea as confirmed by the aforementioned record and a March 14, 2018 Rule 2:5-1(b) supplemental statement submitted by the trial judge.

A-2805-17T4

Finally, during the plea proceeding, the court confirmed with the State and defendant the terms of the negotiated plea as evidenced by the following colloquy:

> Court: And so you understand what the plea recommended sentence is. It is going to be [fourteen] years in New Jersey State Prison. You are going to get – to be sentenced to a [sixty-three-month] parole stipulation, meaning five years and three months before you are eligible for parole. Do you understand that?
>
> Defendant: Yes.
>
> Court: And that plea agreement is in exchange for the State not seeking an extended term, which would have put you to [twenty] years to life. Do you understand that?
>
> Defendant: Yes
>
> Court: And I have indicated to counsel and I have indicated on the record and I have indicated by signing this form that the court will impose and go along with that agreement, [fourteen] years with [a] [sixty-three] month parole stipulation. Do you understand that?
>
> Defendant: Yes.

At sentencing, defense counsel, while acknowledging the parties' plea agreement, nevertheless requested a reduced sentence, stating, "well an agreement is an agreement – [but] if the Prosecutor agrees that [defendant] was just a mule, [then], perhaps, your Honor might consider a lower sentence." After

A-2805-17T4

considering defendant's request, and the aggravating and mitigating factors, the court sentenced defendant consistent with the plea agreement. This appeal followed.

Defendant raises the following issue on appeal:[2]

> BECAUSE THE SENTENCING COURT ERRONEOUSLY PRESUMED THAT A PLEA AGREEMENT FORECLOSED JUDICIAL IMPOSITION OF A LOWER SENTENCE THAN RECOMMENDED BY THE STATE, THIS MATTER REQUIRES A REMAND FOR RESENTENCING

II.

Before we address defendant's argument, we discuss the relevant principles governing sentencing for offenses under the Comprehensive Drug Reform Act of 1987 (CDRA), N.J.S.A. 2C:35-1 to 36A-1. The Legislature enacted the CDRA to "provide for the strict punishment, deterrence[,] and incapacitation of the most culpable and dangerous drug offenders." Brimage, 153 N.J. at 8 (quoting N.J.S.A. 2C:35-1.1). Accordingly, the CDRA provides for mandatory sentences and periods of parole ineligibility for certain offenses. Ibid.; see, e.g., N.J.S.A. 2C:43-6(f); see also State v. Bridges, 252 N.J. Super.

---

[2] In a pro se supplemental submission, defendant asserts that in considering the aggravating and mitigating factors, the sentencing court incorrectly noted that his previous conviction was for possession of heroin, rather than cocaine.

286, 291 (App. Div. 1991) (listing the CDRA provisions that establish ordinary and extended term sentences and periods of parole ineligibility).

However, the CDRA provides an exception to the imposition of a mandatory sentence and period of parole ineligibility when the parties negotiate a plea.  In that circumstance, pursuant to N.J.S.A. 2C:35-12,[3] a prosecutor is permitted to "waive the minimum mandatory sentence specified for any offense under the CDRA."  Brimage, 153 N.J. at 3.  As a result, a defendant accused of a crime under the CDRA may be relieved of a mandatory sentence and period

---

[3]  N.J.S.A. 2C:35-12 provides in pertinent part:

> Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, [or] a mandatory extended term which includes a period of parole ineligibility, . . . the court upon conviction shall impose the mandatory sentence . . . unless the defendant has pleaded guilty pursuant to a negotiated agreement . . . which provides for a lesser sentence, [or] period of parole ineligibility . . . .  The negotiated plea . . . agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, [or] a specified period of parole ineligibility . . . .  In that event, the court at sentencing shall not impose a lesser term of imprisonment, [or] lesser period of parole ineligibility . . . than that expressly provided for under the terms of the plea or post-conviction agreement.

of parole ineligibility. <u>State v. Thomas</u>, 253 N.J. Super. 368, 373 (App. Div. 1992).

"[T]he purpose of N.J.S.A. 2C:35-12 is to permit the prosecutor to make an agreement 'which provides for a lesser sentence or [lesser] period of parole ineligibility' within the 'range of ordinary or extended sentences authorized by law' for violating the [CDRA]." <u>Bridges</u>, 252 N.J. Super. at 290-91 (second alteration in original) (quoting N.J.S.A. 2C:35-12). A negotiated waiver of the CDRA's mandatory sentencing requirements provides "incentives for defendants to cooperate with law enforcement authorities," "encourage[s] plea bargaining," and promotes "the prompt disposition of drug-related criminal charges and . . . imposition of punishment." <u>State v. Thomas</u>, 392 N.J. Super. 169, 178 (App. Div. 2007) (citing <u>Brimage</u>, 153 N.J. at 9).

The Attorney General guidelines, mandated by our Supreme Court in <u>Brimage</u>, govern plea agreements under N.J.S.A. 2C:35-12. <u>Brimage</u>, 153 N.J. at 24-25; <u>see Revised Attorney General Guidelines for Negotiating Cases Under N.J.S.A. 2C:35-12</u> (July 15, 2004). The guidelines provide uniform standards for plea offers for CDRA offenses, and aim to reduce the occurrence of inconsistency in sentencing. <u>Brimage</u>, 153 N.J. at 13. Thus, N.J.S.A. 2C:35-12

negotiated plea agreements must be made in accordance with the <u>Brimage</u> guidelines. <u>Id.</u> at 24-25.

Under the plain language of the statute, a court's sentencing discretion is limited where a plea agreement recommends a custodial sentence or minimum period of parole ineligibility less than otherwise mandated by the CDRA. "[A] trial judge who accepts a plea agreement in which the State recommends a sentence less severe than the sentence mandated by the [CDRA] may not impose an even lesser sentence." <u>Thomas</u>, 253 N.J. Super. at 373; <u>see</u> <u>also</u> <u>Brimage</u>, 153 N.J. at 9 ("N.J.S.A. 2C:35-12 requires the sentencing court to enforce all agreements reached by the prosecutor and a defendant under that section and prohibits the court from imposing a lesser term of imprisonment than that specified in the agreement"). "However, unless the prosecutor's recommendation is for 'a lesser sentence or period of parole ineligibility' than the [CDRA] mandates, [N.J.S.A. 2C:35-12] does not limit the judge's sentencing discretion to accepting or rejecting the recommendation." <u>Thomas</u>, 253 N.J. Super. at 374.

## III.

Here, defendant argues the sentencing court improperly rejected his request for imposition of a lesser sentence because it mistakenly determined

N.J.S.A. 2C:35-12 required the court to impose the negotiated sentence. Relying on State v. Warren, 115 N.J. 433, 442 (1989), defendant contends that "[a] sentencing court always retains sentencing discretion to impose any lesser legal sentence." Defendant also maintains that because the State agreed not to move for an extended term under N.J.S.A. 2C:43-6(f), he was not subject to a mandatory CDRA sentence, and therefore, the court's discretion to impose a lesser term was not limited pursuant to N.J.S.A. 2C:35-12, because the fourteen-year prison term was not lesser than the ordinary sentencing range of ten to twenty years. We disagree.

N.J.S.A. 2C:35-12 applies "[w]henever an offense defined in [the CDRA] specifies a mandatory sentence of imprisonment . . . [or] period of parole ineligibility . . . ." "Words and phrases shall be read and construed with their context" and "be given their generally accepted meaning, according to the approved usage of the language," "unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated." N.J.S.A. 1:1-1. "'Specify' means to name in a specific or explicit manner; to state precisely or in detail, to point out, to particularize, or to designate by words one thing from another." Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 124 (1967).

N.J.S.A. 2C:43-6(f), is included as a part of the CDRA, State v. Lagares, 127 N.J. 23, 35 (1992), and specifically identifies the CDRA offenses which are subject to the imposition of mandatory sentences and periods of parole ineligibility upon the prosecutor's request. See State v. Patterson, 435 N.J. Super. 498, 516 (App. Div. 2014) (discussing the "list of offenses eligible for a mandatory extended term" in N.J.S.A. 2C:43-6(f)). Specifically, N.J.S.A. 2C:43-6(f) provides that where a defendant has a prior conviction for possession of CDS and is convicted of a second offense, the court "shall upon application of the prosecuting attorney be sentenced . . . to an extended term . . . , notwithstanding that extended terms are ordinarily discretionary with the court." Additionally, the statute requires the term of imprisonment, "except as may be provided in N.J.S.A. 2C:35-12," to include the imposition of a minimum term, "fixed at, or between, one-third and one-half of the sentence imposed . . . or three years, whichever is greater . . . ." N.J.S.A. 2C:43-6(f). As such, we are satisfied that defendant pleaded guilty to an offense for which the CDRA specifies a mandatory extended term and parole ineligibility period. See N.J.S.A. 2C:35-12 and N.J.S.A. 2C:43-6(f).

The plain language of N.J.S.A. 2C:35-12 does not require the State to formally move for the imposition of a mandatory extended term sentence and

11

parole ineligibility period, a request it would otherwise be required to make under N.J.S.A. 2C:43-6(f). Rather, the statute applies only where the State and a defendant enter into a plea agreement involving an offense for which the CDRA specifies a mandatory sentence or period of parole ineligibility. As discussed, N.J.S.A. 2C:43-6(f) specifies both a mandatory extended term sentence and parole ineligibility period for first-degree possession of CDS.

Therefore, we reject defendant's assertion that he was not subject to N.J.S.A. 2C:43-6(f)'s mandatory sentencing requirements. Pursuant to N.J.S.A. 2C:35-12, the State is expressly permitted to negotiate away its right to require imposition of mandatory sentences. The statute permits the State to waive mandatory sentences for CDRA offenses in order to incentivize drug offenders' cooperation with law enforcement and to allow for the efficient disposition of CDRA cases. See Thomas, 392 N.J. Super. at 178; Bridges, 252 N.J. Super. at 290-91. N.J.S.A. 2C:35-12 was not rendered inapplicable simply because the State agreed not to request the imposition of an extended term under N.J.S.A. 2C:43-6(f).

As we have concluded N.J.S.A. 2C:35-12 applies, we must next consider whether the court properly sentenced defendant in accordance with the statute's requirements. Pursuant to N.J.S.A. 2C:43-6(f), the mandatory extended term

12

sentence specified for defendant's conviction for first-degree possession offense is from twenty years to life imprisonment. See N.J.S.A. 2C:43-7(a)(2) and -7(c). Additionally, the mandatory period of parole ineligibility is between eighty months and, for a sentence of life imprisonment, twenty-five years. N.J.S.A. 2C:43-7(c). Defendant's plea agreement provided for a lesser custodial sentence of fourteen years and therefore, the court was required to impose the fourteen-year sentence pursuant to the plea agreement. N.J.S.A. 2C:35-12; see also Thomas, 253 N.J. Super. at 373 ("A trial judge who accepts a plea agreement in which the State recommends a sentence less severe than the sentence mandated by the act may not impose an even lesser sentence.").

To the extent not specifically addressed, defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2805-17T4