**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2477-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HASSON K. RICH,

     Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided October 1, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 16-03-0832 and 16-03-0833.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Hasson Rich of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); disorderly persons resisting arrest, N.J.S.A. 2C:29-2(a)(3); and fourth-degree obstruction, N.J.S.A. 2C:29-1(a). Thereafter, defendant pled guilty to second-degree certain persons not to possess a weapon, N.J.S.A. 2C:39-7(b). Defendant was sentenced to an aggregate prison term of seven years, with five years of parole ineligibility. Specifically, he was sentenced to seven years in prison, with forty-two months of parole ineligibility, for the unlawful possession conviction, four years for the resisting arrest conviction, eighteen months for the obstruction conviction, and five years, with five years of parole ineligibility, for the certain persons conviction. All of those sentences were run concurrent to each other.

Defendant argues that the trial court erred in denying his motion to sever his trial from co-defendant Victorio Williams, his sentence for second-degree unlawful possession of a weapon was excessive, and he was incorrectly sentenced for third-degree resisting arrest.[1] We are not persuaded by defendant's first two arguments and affirm his convictions and his sentence for unlawful possession of a weapon. The State concedes that defendant was incorrectly

---

[1] Williams has filed a separate appeal, which we address in the unpublished opinion in State v. Victorio Williams, No. A-2535-18 (App. Div. Oct. 1, 2019).

A-2477-17T3

sentenced for third-degree resisting arrest because the jury convicted him of the lesser included disorderly person offense. Thus, we vacate that sentence and remand for resentencing on the resisting arrest conviction.

I.

The charges against defendant and co-defendant Williams arose out of events that took place on November 2 and 3, 2015. On the evening of November 2, 2015, nine members of the Newark Police Department's firearms interdiction team conducted a proactive patrol in the area of Fourth Avenue and North 12th Street in Newark. The officers were patrolling in four unmarked police vehicles. When they turned on to North 12th Street at approximately 11 p.m., they noticed a group of men standing on the side of the street. One officer observed that one of the men appeared to be holding his waistband as if he had a gun. The officers stopped, exited their vehicles, and two of the men began to run holding their waistbands as if they had guns. The two men were later identified as defendant and co-defendant Williams.

Defendant was tackled by one of the officers and a struggle ensued. With the assistance of other officers, defendant was arrested and found to be in possession of a loaded handgun. Later, defendant stipulated that he did not have

A-2477-17T3

a gun permit. At trial, a qualified expert in the field of ballistics testified that the gun was operable.

Co-defendant Williams ran away and thereafter the police engaged in a search that took several hours and involved numerous officers, a helicopter, and a K-9 unit. During the chase, Williams encountered an officer and pointed his gun at the officer. In response, several officers fired their guns at Williams, but he was not hit. Eventually, Williams was apprehended under the porch of a home on North 11th Street. During the search for Williams, the police found a loaded handgun.

## II.

On appeal, defendant makes three arguments, which he articulates as follows:

> POINT I – THE COURT IMPROPERLY DENIED DEFENDANT'S MOTION TO SEVER HIS MATTER FROM THAT OF HIS CO-DEFENDANT, VIOLATING DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. I, PARS. 1, 10.

> POINT II – THE SENTENCE IMPOSED FOR THE SECOND-DEGREE UNLAWFUL POSSESION OF A WEAPON CONVICTION IS MANIFESTLY EXCESSIVE AND MUST BE REDUCED.

A-2477-17T3

POINT III – THE MATTER MUST BE REMANDED FOR RESENTENCING ON COUNT THREE. BECAUSE THE JURY ONLY FOUND DEFENDANT GUILTY OF DISORDERLY PERSONS RESISTING ARREST, THE THIRD-DEGREE-RANGE SENTENCE IMPOSED ON COUNT THREE IS ILLEGAL.

We will address each of these arguments in turn.

A.    The Motion to Sever

Defendant and co-defendant Williams were each charged with four separate crimes in the same indictment.  Before trial, defendant moved to sever his trial from the trial of Williams.  Defendant argued that because he and Williams were charged with separate crimes, he would be prejudiced in a joint trial given that the evidence against Williams would involve extensive testimony about the chase, Williams pointing a gun at an officer, and officers firing their weapons at Williams.  The trial court denied defendant's motion to sever.  Before us, defendant contends that the joint trial, involving evidence against Williams, violated his right to due process and a fair trial.  We disagree.

Generally, a "joint trial is preferable because it fosters the goal of judicial economy and prevents inconsistent verdicts."  State v. Weaver, 219 N.J. 131, 157 (2014) (citing State v. Brown, 118 N.J. 595, 605 (1990) (Brown I)).  If, however, it appears that a defendant could be prejudiced by a joint trial with a

co-defendant or co-defendants, the court may order separate trials or a severance of defendants.  R. 3:15-2(b).

To show prejudice, a defendant seeking severance must either (1) demonstrate that there is some "central or core antagonism" between the positions of co-defendants, Brown I, 118 N.J. at 605-06, or (2) show that he or she would be unfairly prejudiced by a joint trial by restrictions on the admissibility of exculpatory evidence, such as proof of a co-defendant's prior bad acts under evidence Rule 404(b), State v. Sterling, 215 N.J. 65, 73 (2013).

The concept of central or core antagonism is sometimes referred to as the "mutual exclusivity of defenses."  Brown I, 118 N.J. at 606.  "When . . . the jury can reasonably accept the core of the defense offered by either defendant only if it rejects the core of the defense offered by his co-defendant, the defenses are sufficiently antagonistic to mandate separate trials."  Ibid. (quoting State v. Vinal, 504 A.2d 1364, 1368 (Conn. 1986)).  Conversely, "[i]f the jury can return a verdict against one or both defendants by believing neither, or believing portions of both, or, indeed, believing both completely, the defenses are not mutually exclusive."  Ibid.

The test for assessing prejudice is "whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be

admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges." Sterling, 215 N.J. at 73 (quoting State v. Chenique-Puey, 145 N.J. 334, 341 (1996)). Evidence of other crimes or bad acts excluded at the joint trial must be "relevant to prove a fact genuinely in dispute 'and the evidence is necessary as proof of the disputed issued.'" State v. Darby, 174 N.J. 509, 518 (2002) (quoting State v. Hernandez, 170 N.J. 106, 118-19 (2001)). At its core, a motion for severance involves balancing "the potential prejudice to defendant's due process rights against the State's interest in judicial efficiency." Brown I, 118 N.J. at 605 (quoting State v. Coleman, 46 N.J. 16, 24 (1965)).

Defendant made no showing that Williams' defenses were antagonistic to his defenses, nor did defendant establish that a joint trial would be unfairly prejudicial. Indeed, the evidence at trial shows that neither ground for severance existed. Defendant did not argue that his defenses were mutually exclusive or antagonistic to the defenses of co-defendant Williams. Instead, defendant focuses his argument on a showing of unfair prejudice. In making that argument, defendant does not contend that the joint trial restricted the admissibility of any evidence he sought to offer. Indeed, defendant did not attempt to offer proof of Williams' prior bad acts.

The only potential prejudice faced by defendant was the danger by association that inheres in every joint trial.  Such danger of association, however, is not in itself sufficient to justify severance provided that the separate status of co-defendants can be preserved with proper instructions to the jury. State v. Freeman, 64 N.J. 66, 68-69 (1973).  Here, the trial court instructed the jury that they were to consider the separate counts against each of the defendants separately.  In that regard, the trial court used the model jury charge for joint co-defendants, which the court modified to incorporate references to defendant and co-defendant Williams.  Those instructions eliminated any potential prejudice to defendant.

Defendant did not object to the instructions given to the jury.  On appeal before us, however, defendant argues that the charge was plain error because the court should have tailored the charge more specifically to the facts of the case. The charge here explained that there were three charges against defendant and four charges against co-defendant Williams.[2]  The court then instructed the jury that they had to consider each of those charges separately.  We discern no plain error in that charge. R. 2:10-2 (under the plain error standard, we disregard any

---

[2] The State dismissed the charge of possession of a weapon for unlawful purpose against defendant.

A-2477-17T3

alleged error "unless it is of such a nature as to have been clearly capable of producing an unjust result[.]").

B.    The Sentence for Unlawful Possession of a Handgun

As already noted, on his conviction for second-degree unlawful possession of a handgun, defendant was sentenced to seven years in prison with forty-two months of parole ineligibility. Defendant contends that sentence is excessive. We reject this argument.

We review sentencing determinations "under a deferential standard." State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). We do not substitute our "judgment for the judgment of the sentencing court." Lawless, 214 N.J. at 606. Instead, we will affirm a sentence unless

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Miller, 237 N.J. 15, 28 (2019) (alteration in original) (quoting State v. Fuentes, 217 N.J. 57, 70 (2014)).]

The sentencing judge found aggravating factors three, the risk of re-offense; six, the nature and extent of the defendant's prior record; and nine, the need for deterrence. N.J.S.A. 2C:44-1(a)(3), (6), and (9). The judge also found mitigating factor twelve, defendant's willingness to cooperate with law enforcement authorities, N.J.S.A. 2C:44-1(b)(12). The judge then balanced those factors and found that the aggravating factors substantially outweighed the one mitigating factor. In finding the aggravating factors, the judge focused on defendant's convictions and his criminal record. Thus, the aggravating factors found by the sentencing court were based on competent and credible evidence in the record.

The range for a prison term for a crime of the second-degree is between five and ten years. N.J.S.A. 2C:43-6(a)(2); State v. Thomas, 253 N.J. Super. 368, 370 (App. Div. 1992). When the crime involves a firearm, the Grave's Act applies. N.J.S.A. 2C:43-6(c). The Grave's Act imposes a minimum term, which is fixed at either half the length of the sentence or forty-two months, whichever is greater. Ibid. Here, the sentencing court imposed a seven-year prison term with forty-two months of parole ineligibility. That term was in the mid-range of a second degree crime and we discern no abuse of discretion.

C.    The Sentence for Resisting Arrest

Defendant was charged with third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(1).  A third-degree charge requires that defendant used or threatened to use physical force or violence against a law enforcement officer.  At trial, the jury did not find that the State had proven the element of use or threat to use physical force or violence.  Thus, the State concedes that defendant was only convicted of the lesser included offense of disorderly persons resisting arrest.  Accordingly, we vacate defendant's sentence on the charge of resisting arrest and remand for resentencing on that charge only.  We note that all of defendant's other sentences are either being affirmed or were not challenged on appeal.  Accordingly, this remand will have no actual effect on the amount of time defendant spends in prison because defendant's sentences run concurrently.

Affirmed and remanded for resentencing on the resisting arrest conviction.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2477-17T3