**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4003-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN COLON, a/k/a B-BOY JUAN
and B-BOY,

    Defendant-Appellant.

_____

Submitted September 13, 2016 — Decided April 3, 2017

Before Judges Fasciale and Kennedy.

On appeal from the Superior Court of New
Jersey, Law Division, Mercer County,
Indictment No. 13-03-0344.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michele E. Friedman, Assistant
Deputy Public Defender, of counsel and on the
brief).

Angelo J. Onofri, Acting Mercer County
Prosecutor, attorney for respondent (Dorothy
Hersh, Special Deputy Attorney General/Acting
Supervising Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

    Defendant appeals from his convictions for second-degree

aggravated assault, <u>N.J.S.A.</u> 2C:12-1(b)(1); second-degree

possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree certain persons not to possess firearms, N.J.S.A. 2C:39-7. We affirm.

The incident that led to defendant's convictions occurred in a residence where several people lived. Defendant and one of the residents (the resident) were arguing, which awakened defendant's girlfriend (the girlfriend) and her friend (the friend). Defendant fired a gun at the resident as the resident ran up the stairs. The police searched the residence, found a bullet hole at the top of the stairs, and located a projectile above another bullet hole in a bedroom ceiling. Defendant left the state and went to Florida. When the law enforcement officers found defendant there, he blurted out that he shot at the resident and another individual in the residence.

After the appropriate merger, the court imposed a discretionary twenty-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the aggravated assault conviction. The judge sentenced defendant to eight years in prison with four years of parole ineligibility on the conviction for unlawful possession of a weapon, concurrent to eight years in prison with five years of parole ineligibility on the certain persons conviction. The judge made the concurrent sentences on

the weapons convictions consecutive to the imposition of the twenty-year prison term.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO ISSUE THE REQUESTED JURY INSTRUCTION ON [DEFENDANT'S] ELECTION NOT TO TESTIFY.
(Not raised below)

POINT II

THE TRIAL COURT ERRED TO [DEFENDANT'S] DETRIMENT IN FAILING TO CHARGE THE JURY ON THE LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT BY POINTING A FIREARM.
(Not raised below)

POINT III

THE TRIAL COURT SHOULD HAVE GRANTED THE DEFENSE'S MOTION FOR A MISTRIAL AFTER A DETECTIVE TESTIFIED THAT A "CERTAIN PERSONS" CHARGE WAS LODGED AGAINST [DEFENDANT].

POINT IV

THE INTRODUCTION AND REPEATED REFERENCES TO THE UNSANITIZED DETAILS OF [DEFENDANT'S] PRIOR CONVICTIONS TO PROVE THE ["]CERTAIN PERSONS["] OFFENSE DEPRIVED HIM OF A FAIR TRIAL.
(Not raised below)

POINT V

THE PROSECUTOR COMMITTED MISCONDUCT WHEN PROVIDING THE JURY WITH HIS PERSONAL OPINION REGARDING [DEFENDANT'S] PURPORTED STATEMENT TO THE DETECTIVES.
(Not raised below)

POINT VI

[DEFENDANT'S] SENTENCE IS MANIFESTLY
EXCESSIVE AND UNDULY PUNITIVE.

    A. The Sentencing Court
Improperly Considered [Defendant's]
Lack of Remorse and Refusal to
Accept Responsibility When
Imposing the Sentence.

    B. The Sentencing Court Ascribed
Undue Weight to [Defendant's] Prior
Convictions, Resulting In
Duplicative Consideration of His
Prior Record.

    C. The Sentencing Court Erred in
Ordering Count Two to Run
Consecutively to Counts Six and
Seven.

After considering the record and the briefs, we conclude that defendant's arguments in Points V and VI are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2).

I.

We turn first to defendant's argument that the trial judge erred by not giving the election-not-to-testify charge. Defendant, who did not testify at trial, argues that the failure to give the charge resulted in a violation of his right against self-incrimination.

A non-testifying criminal defendant is entitled to a no-adverse-inference instruction, also known as a Carter instruction.

4                                                          A-4003-14T4

Carter v. Kentucky, 450 U.S. 288, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981). Our Supreme Court has repeatedly held that "the trial court, on request, must instruct the jury that it may draw no negative inferences from [the] defendant's silence[.]" State v. Daniels, 182 N.J. 80, 90 (2004) (citation omitted). Although "silence may suggest to the jury that the defendant has something to hide," that concern "may be tempered by the trial court's instruction to the jury that it should not draw an adverse inference [therefrom]." State v. Brunson, 132 N.J. 377, 385 (1993) (citations omitted). The judge should have given the charge, although defense counsel never objected to that failure.

In State v. Camacho, our Supreme Court considered whether the failure to provide the jury with a Carter instruction was per se error warranting automatic reversal. 218 N.J. 533, 537 (2014). The Court noted that although the instruction is of constitutional dimension, the failure to provide the instruction is akin to a trial error, rather than a structural one, and subject to a harmless-error analysis. Id. at 550—52. The error is rendered harmless if the trial's outcome would have been the same had the error not been made. Id. at 554. As such, we reverse only if the error was "clearly capable of producing an unjust result[.]" R. 2:10-2. Such is not the case here.

The State presented testimony from the girlfriend and friend, two eyewitnesses to the shootings. They testified consistently that defendant was present in the residence and fired the gun up the stairs. Moreover, after conducting the search, the police found two bullet holes located in the direction in which defendant fired the weapon: at the top of the stairs and in the bedroom ceiling. The police also seized one of the projectiles from above the ceiling bullet hole, which corroborated the eyewitness testimony that defendant fired the gun that night. Defendant, who had fled from New Jersey and was discovered shortly thereafter in Florida, blurted out to the police that he fired the weapon.

In light of this overwhelming evidence, the trial judge's failure to administer a <u>Carter</u> instruction amounts to nothing more than a harmless error. Moreover, the record reveals that the judge provided the jury with the "functional equivalent" of a <u>Carter</u> instruction. <u>Camacho</u>, <u>supra</u>, 218 <u>N.J.</u> at 554. On multiple occasions, the trial judge explained to the jury the State's burden of proof and reiterated that defendant had no obligation to present any evidence.

## II.

We reject defendant's argument made for the first time on appeal that the trial judge failed to give an instruction on a lesser-included offense of fourth-degree aggravated assault,

N.J.S.A. 2C:12-1(b)(4). Defendant contends that instead of convicting him of second-degree aggravated assault, the jury could have convicted him of fourth-degree aggravated assault because he did not intend to harm the resident.

A defendant's failure to object to jury instructions is "considered a waiver to object to the instruction[s] on appeal." State v. Maloney, 216 N.J. 91, 104 (2013). In the absence of an objection to a charge or request for a charge, however, "a trial court has an independent obligation to instruct on lesser-included charges when the facts adduced at trial clearly indicate that a jury could convict on the lesser while acquitting on the greater offense." State v. Jenkins, 178 N.J. 347, 361 (2004). This is because "[a]n erroneous jury charge 'when the subject matter is fundamental and essential or is substantially material' is almost always considered prejudicial." Maloney, supra, 216 N.J. at 104-05 (quoting State v. Green, 86 N.J. 281, 291 (1981)).

Such errors present "'[a] presumption of reversible error . . .' that can only be excused if the error is determined to be 'harmless beyond a reasonable doubt.'" Id. at 105 (quoting State v. Collier, 90 N.J. 117, 123 (1982)). We therefore consider defendant's challenge to the court's failure to charge fourth-degree aggravated assault as a lesser-included offense under the plain error standard. R. 2:10-2; Maloney, supra, 216 N.J. at 104;

see also Jenkins, supra, 178 N.J. at 360 (finding the plain error standard applied to defendant's challenge on appeal to a jury charge to which he did not object at trial). We must first determine if the court erred by failing to give the instruction and if it did, whether the failure "was clearly capable of producing an unjust result such that a reasonable doubt is raised as to whether the error led the jury to a result it otherwise might not have reached." Jenkins, supra, 178 N.J. at 360-61 (quoting State v. Brims, 168 N.J. 297, 306 (2001)); State v. Ramsey, 415 N.J. Super. 257, 266 (App. Div. 2010), certif. denied, 205 N.J. 77 (2011).

We conclude the facts adduced at trial do not clearly indicate that a jury could convict on the lesser while acquitting on the greater offense. Two eyewitnesses testified that defendant fired the gun in the direction of the resident and the friend. The police verified that the bullet at the scene made a hole "straight ahead" at the top of the stairs. The location of the bullet holes and projectile corroborate the direction in which defendant fired the gun. Moreover, defendant admitted to shooting the gun in the direction of the resident. Even if the lesser charge was clearly indicated by the evidence, which is not the case, we further conclude that the error was harmless beyond a reasonable doubt.

III.

Defendant argues that the judge erred by denying his motion for a mistrial after a detective made a fleeting reference to "certain persons" in his testimony.

"A motion for a mistrial is addressed to the sound discretion of the court; and the denial of the motion is reviewable only for an abuse of discretion." State v. Witte, 13 N.J. 598, 611 (1953), cert. denied, 347 U.S. 951, 74 S. Ct. 675, 98 L. Ed. 1097 (1954). "Unless the vice is plainly ineradicable by an instruction to the jury, a mistrial is not allowable of right." Ibid. "A mistrial is an extraordinary remedy" that should be employed "[o]nly when there has been an obvious failure of justice." State v. Mance, 300 N.J. Super. 37, 57 (App. Div. 1997).

"Whether manifest necessity mandates the grant of a mistrial depends on the specific facts of the case and the sound discretion of the court." State v. Allah, 170 N.J. 269, 280 (2002) (citing State v. Loyal, 164 N.J. 418, 435 (2000)). When "the court has an appropriate alternative course of action[,]" it should deny a request for a mistrial. Id. at 281 (citing Loyal, supra, 164 N.J. at 436-37). The trial judge in this case perceived no obvious failure of justice, and nor do we.

Here, a detective testified on direct examination that defendant had been charged with "[a]ggravated assault, aggravated

assault, possession of a weapon for an unlawful purpose, unlawful possession of a weapon and certain persons." Defense counsel objected, the judge sustained the objection, struck the question and answer from the record, and gave a limited instruction directing the jury to disregard the question and answer. We must assume that the jurors followed the court's instructions. State v. T.J.M., 220 N.J. 220, 237 (2015) (citing State v. Ross, 218 N.J. 130, 152 (2014)). Given our standard of review, we see no abuse of discretion.

IV.

After the jury found defendant guilty of aggravated assault and the related weapons offenses, the matter proceeded to the trial on the certain persons charge. As it relates solely to the State's proof on the certain persons charge, defendant argues for the first time on appeal that the trial court's failure to sanitize the details of his prior convictions prejudiced him. We conclude that such a failure was not clearly capable of producing an unjust result.

We are mindful that a trial court's evidentiary rulings are "entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). "Under that standard, an appellate court should not

substitute its own judgment for that of the trial court, unless 'the trial court's ruling was so wide of the mark that a manifest denial of justice resulted.'" Ibid. (quoting Marrero, supra, 148 N.J. at 484). We see no clear error of judgment.

Because defendant did not stipulate to his prior convictions, the assistant prosecutor introduced into evidence defendant's prior judgments of conviction. This evidence established that defendant had prior convictions for assault and robbery. Defendant's prior convictions have no other evidentiary significance other than demonstrating that defendant had committed a predicate offense.

We emphasize that the jury heard the complained-of evidence after it found him guilty of aggravated assault and the related weapons charges. Nevertheless, the judge should have sanitized the convictions during the trial on the certain persons offense. The judge's strong jury instructions, however, overcame any prejudice. The judge repeatedly instructed the jury on defendant's presumption of innocence, admonished the jury about using the prior-conviction evidence to decide whether defendant has a propensity to commit crimes, and reminded the jury that the State must prove each element of the offense beyond a reasonable doubt. Moreover, the judge followed the Model Jury Charge (Criminal),

"Certain Persons Not To Have Any Firearms" [N.J.S.A. 2C:39-7(b)(1)] (2005).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION