**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4133-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSHUA EVANS, a/k/a
TERRY FRANK,

     Defendant-Appellant.

_____

Argued August 2, 2021 – Decided August 18, 2021

Before Judges Sabatino and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-10-1241.

Kevin S. Finckenauer, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Kevin S. Finckenauer, of counsel and on the briefs).

Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Joie D. Piderit, of counsel and on the brief).

PER CURIAM

Defendant Joshua Evans appeals his convictions for various offenses relating to an altercation with federal agents that occurred in a hotel lobby, and his associated sentence. Because we agree with defendant that the trial court's jury instructions and the verdict form were materially flawed, we vacate defendant's convictions and remand for a new trial. Even if the convictions are not set aside, we further note the State's acquiescence that the matter must be remanded for resentencing.

I.

The underlying facts were previously described in this court's unpublished opinion in a related appeal by defendant's father, Tony Eli. See State v. Eli, No. A-141-18 (App. Div. June 4, 2020). Eli and defendant were charged in the same indictment and were tried together, in absentia, in May 2018. Both defendants were found guilty of various related offenses arising out of the same indictment. We incorporate by reference the recitation of the State's proofs set forth in our prior opinion.

Briefly summarized, the State's proofs established attempts by defendant to thwart the arrest of Eli by law enforcement officers at a hotel in Iselin on the morning of June 9, 2015. Eli, slip op. at 2-5. Eli, defendant, and other members

2

of their family had been staying at the hotel. At about 5:00 a.m., ten plainclothes officers with the United States Marshals Service Fugitive Task Force came to the hotel to enforce an open warrant for Eli's arrest. Eli was then a registered guest of the hotel, along with family members. Eli and defendant were not on the premises at that time. The federal officers positioned themselves at various spots within the hotel and its front and rear parking lots and waited for Eli to return.

Shortly after 6:00 a.m., Eli entered the hotel lobby with his wife (defendant's mother), defendant, and another person. The hotel desk clerk alerted the federal agents that Eli had arrived. A Deputy United States Marshal, Chris Manna, followed the group towards the elevator. As they started to board the elevator, Manna presented his badge and told Eli that he had a warrant for his arrest. Manna instructed the group to get out of the elevator, and they did so.

Eli initially placed his hands against the wall by the elevator. However, Manna noticed that defendant was fidgeting and reaching into his pockets, so he told him to open his hands. Defendant failed to comply. As Manna diverted his attention to defendant, Eli took his hands off the wall and ran towards the hotel's

3

front entrance. Manna left defendant and pursued Eli. Manna tackled Eli and placed him face down on the floor. He began to handcuff Eli.

According to Manna's testimony, at this point both defendant and his mother rushed at Manna, attempting to push him off Eli. Defendant then circled around Manna while his father struggled with Manna on the floor.

Eli then broke free from Manna, got up off the floor, and ran towards the front door of the hotel. As Manna gave chase, defendant stuck out his foot in an unsuccessful attempt to trip the officer. Manna caught up with Eli again and apprehended him. Backup personnel arrived. The officers arrested Eli, defendant, and defendant's mother. All three of them were charged with various offenses.[1]

Specifically, the indictment charged defendant with fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1(b) (count one); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count three); fourth-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a) (count five); second-degree hindering apprehension, N.J.S.A. 2C:29-3(a) (count seven); and second-degree facilitating escape with force, N.J.S.A. 2C:29-5(c) (count eight). Before the verdict, the court dismissed the resisting arrest charge

---

[1] Defendant's mother passed away before trial.

4

(count three) against defendant and also granted the State's oral motion to downgrade the hindering apprehension charge (count seven) from second-degree to third-degree.

Defendant did not testify or attend the trial, but his attorney mainly argued that he had acted innocently in self-defense and that he was unaware that the persons apprehending his father were federal officers with a valid arrest warrant.

The jury found defendant not guilty of obstruction, but found him guilty on the remaining counts of aggravated assault, hindering apprehension, and facilitating escape.

A different trial court judge presided over the sentencing hearing. The judge imposed upon defendant a flat sentence of eight years on the hindering count, a concurrent flat eight-year sentence for facilitating escape, and a concurrent eighteen-month term for aggravated assault.

This appeal ensued.[2] In his brief, defendant raises the following points for our consideration:

POINT I

[DEFENDANT'S] CONVICTIONS MUST BE REVERSED AND REMANDED FOR A NEW TRIAL BECAUSE THE TRIAL COURT'S JURY CHARGES

---

[2] In our prior opinion, we affirmed Eli's conviction but remanded for resentencing. Eli, slip op. at 22-25.

A-4133-18

AS TO SELF-DEFENSE AND DEFENSE OF OTHERS WERE LEGALLY DEFICIENT.

A. THE TRIAL JUDGE'S INSTRUCTIONS OMITTED THE DEFINITION OF "REASONABLE BELIEF."

B. THE TRIAL JUDGE SHOULD HAVE CHARGED THE JURY ON RESISTING ARREST IN SELF-DEFENSE.

POINT II

[DEFENDANT'S] CONVICTION FOR HINDERING BY FORCE OR INTIMIDATION (COUNT SEVEN) MUST BE VACATED BECAUSE THE TRIAL COURT ERRONEOUSLY INSTRUCTED THE JURY ON A DIFFERENT MODE OF HINDERING AND ERRONEOUSLY INSTRUCTED THE JURY THAT ESCAPE WAS THE UNDERLYING OFFENSE FOR WHICH [DEFENDANT] WAS ALLEGED TO HAVE HINDERED APPREHENSION.

A. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CHARGING THE JURY ON THE WRONG MODE OF HINDERING.

B. THE TRIAL COURT LISTED THE INCORRECT UNDERLYING OFFENSE WITH RESPECT TO HINDERING.

POINT III

THE COUNT OF FACILITATING ESCAPE SHOULD HAVE BEEN DISMISSED ON THE JUDGE'S OWN

6

INITIATIVE PURSUANT TO <u>R.</u> 3:18-1 BECAUSE THE EVIDENCE ADDUCED AT TRIAL FAILED TO ESTABLISH AN UNDERLYING ESCAPE.

<u>POINT IV</u>

THE SENTENCING COURT MADE REVERSIBLE ERRORS WITH RESPECT TO [DEFENDANT'S] SENTENCING BY INCORRECTLY GRADING THE HINDERING OFFENSE, FAILING TO MERGE ANY OF THE COUNTS, AND FAILING TO FIND OR EVEN ADDRESS SUPPORTED MITIGATING FACTORS RAISED BY TRIAL COUNSEL.

A. BECAUSE HINDERING HAD BEEN REDUCED TO A THIRD-DEGREE OFFENSE, THE EIGHT-YEAR SENTENCE WAS ILLEGAL.

B. REGARDLESS OF THE FAILURE TO DOWNGRADE, THE SENTENCING COURT OTHERWISE ERRED IN FAILING [TO] MERGE THE RELATED OFFENSES WITH THE FACILITATING ESCAPE CHARGE.

C. THE TRIAL COURT FAILED TO FIND, OR EVEN ADDRESS, APPLICABLE MITIGATING FACTORS AT SENTENCING.

7

II.

A central theme of defendant's arguments on appeal is that the trial court's jury instructions and the verdict form were flawed in numerous respects.  We agree with those contentions, for the reasons we now explain.

"Appropriate and proper jury instructions are essential for a fair trial." State v. Baum, 224 N.J. 147, 158-59 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)).  The court must ensure that the jury receives "accurate instructions on the law as it pertains to the facts and issues of each case." Reddish, 181 N.J. at 613.  The jury charge is a critical "road map" to guide the juror's application of the law to the facts.  State v. Martin, 119 N.J. 2, 15 (1990). "[W]ithout an appropriate charge a jury can take a wrong turn in its deliberations."  Ibid.; see also State v. Fowler, 239 N.J. 171, 192 (2019) (reiterating the important function of the jury charge as a clear roadmap).

One of the chief aspects of a jury charge is to define legal terms for the lay jurors.  State v. Concepcion, 111 N.J. 373, 379 (1988).  For example, the legal definition of a crime must be adequately explained.  See, e.g., State v. McKinney, 223 N.J. 475, 495 (2015).  Similarly, the charge should define and explain in plain and understandable terms any asserted legal defenses.  State v. R.T., 411 N.J. Super. 35, 46 (App. Div. 2009).

A-4133-18

In assessing whether any misstatements, omissions, or other flaws within a jury charge require relief, appellate courts must consider the charge "as a whole." McKinney, 223 N.J. at 494 (quoting State v. Jordan, 147 N.J. 409, 422 (1997)). The reviewing court should examine the entire charge to see whether it was ambiguous or whether it misinformed the jury of the law. State v. R.B., 183 N.J. 308, 324-25 (2005).

The trial court has an "independent duty" to ensure that jurors receive accurate instructions on the law, "irrespective of the particular language suggested by either party." Reddish, 181 N.J. at 613. Although counsel are expected to point out any flaws in the charge to the trial judge, "erroneous instructions on matters or issues material to the jury's deliberations are presumed to be reversible error." State v. Collier, 90 N.J. 117, 122-23 (1982). In general, charges providing incorrect or inadequate guidance to the jury are deemed "poor candidates for rehabilitation under [a] harmless error theory." State v. Weeks, 107 N.J. 396, 410 (1987); see also State v. Maloney, 216 N.J. 91, 105 (2013).

In the present case, defendant identifies two major flaws in the jury charges delivered by the trial judge: (1) the omission of the legal definition of an actor's "reasonable belief" as that concept relates to the self-defense and defense-of-others jury instructions; and (2) the inconsistent references within

the indictment, jury charge, verdict form, and judgment to varying subsections of N.J.S.A. 2C:29-3(a), the hindering statute. We address these problems in turn.

A.

First, with respect to defendant's assertion of a self-defense claim, the trial court inadvertently omitted a key definition, specifically the concept of reasonable belief. In essence, defense counsel in this case argued that his client's physical acts interfering with the officers' apprehension of his father was justified as either an act to defend his father from physical harm, or to defend himself, or both. Under N.J.S.A. 2C:3-4(a), "the use of force upon or towards another person is justifiable when the actor reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." (Emphasis added). Similarly, N.J.S.A. 2C:3-5(a) defines the defense-of-others legal justification to encompass situations where the actor "reasonably believes" his intervention is necessary to protect that other person. An objective standard of reasonableness must be applied. See State v. Josephs, 174 N.J. 44, 101 (2002); State v. Sanders, 467 N.J. Super. 325, 334 (App. Div. 2021) (citing State v. Bryant, 288 N.J. Super. 27, 35 (App. Div. 1996)).

Consistent with the statutes and case law, the Model Jury Charge on self-defense contains a crucial explanation of the "reasonable belief" standard. It instructs that "[a] reasonable belief is one which could be held by a person of ordinary prudence and intelligence situated as this defendant was." Model Jury Charges (Criminal), "Justification – Self Defense in Self Protection (N.J.S.A. 2C:3-4)" (rev. June 13, 2011). The problem is that this definition appears only in the portion of the model charge that concerns self-defense in a context involving deadly force. The portion of the model charge that discusses self-defense in a non-deadly force context does not define "reasonable belief" but instead merely cross-references the definition of that term which is presented in the deadly force portion.

On the day before the jury was charged, defense counsel requested the trial court, without opposition by the prosecutor, to omit the portion of the self-defense charge that discusses deadly force, since the facts of this case did not involve such a level of force. The trial judge agreed to do so. The following day, the judge read to the jury the self-defense charge, omitting the deadly force language. Unfortunately, doing so caused the court to also omit the definition of "reasonable belief." This resulted in the court making the following nonsensical and inaccurate statement to the jurors:

> The same reasonable belief standard that I explained to you when discussing deadly force applies. A person may use nondeadly force to protect himself if the following conditions exist: One, the person reasonably believes he must use force, and, two, the person reasonably believes that the use of force was immediately necessary, and, three, the person reasonably believes he's using force to defend himself against unlawful force, and, four, the person reasonably believes the level of the intensity of the force he uses is proportionate to the unlawful force he is attempting to defend against.
>
> [(Emphasis added.)]

As we have noted, the court never – previously or otherwise – defined the concept of reasonable belief for the jurors.

Defendant maintains the omission of this definition was a critical flaw, and could have prejudiced him in the jury's assessment of his actions in the hotel lobby. The State counters that defendant's trial counsel should have spotted the problem and interposed an objection. The State further contends that this is a situation of "invited error" because defense counsel was the one who initiated the request to revise the charge. The State also maintains that in a case like this involving an attempted arrest, the "reasonable belief" concept only comes into play if the defendant is alleging excessive force by a police officer, and that here defendant claimed he was unaware the person tackling his father was a law enforcement officer.

We do not cast blame on the trial judge or on either counsel for this unfortunate circumstance. The problem stems from the sequencing and organization of the model charge, which does not provide a mechanism for reinserting the definition of reasonable belief where, as here, the "deadly force" element is factually inapplicable. We reject the State's argument of invited error. The defense could not have logically or strategically desired the court to omit a critical definition from the charge, or for the court to make a puzzling, nonsensical statement to the jurors about what it had not already "explained to [them]." We also are unpersuaded the reasonable belief standard could not apply here without a claim of excessive force by a law enforcement officer.

As we have already noted, material flaws in a criminal jury charge are generally deemed to be "poor candidates" for a finding of harmless error. Here, without the guidance of the legal definition explaining the objective nature of the "reasonable belief" standard, it is conceivable that one or more jurors might have understood the law to require a more demanding level of responsibility from an individual acting in self-defense. Indeed, we can take judicial notice law students spend hours in criminal law and torts classes learning about the "reasonable person" standard. The definition contained in the model charge succinctly conveys that important concept, but, unfortunately, it was not

13

communicated here in the jury instructions. The term "reasonable belief" was repeated four times in the charge, but the concept was never defined or explained.

A similarly critical set of errors was made here with respect to the legal elements of hindering apprehension. The subsections of the hindering statute cover a variety of different forms of hindering. Subsection (2) of N.J.S.A. 2C:29-3(a) covers a situation where the defendant "[p]rovides or aids in providing a weapon, money, transportation, disguise, or other means of avoiding discovery or apprehension or effecting escape." N.J.S.A. 2C:29-3(a)(2). By comparison, subsection (5) of the statute covers a situation in which the hindering occurs when the defendant "[p]revents or obstructs, by means of force, intimidation, or deception, anyone from performing an act which might aid in the discovery or apprehension of such person or in the lodging of a charge against him." N.J.S.A. 2C:29-3(a)(5).

The indictment in the case unfortunately contained a typographical error by citing to subsection (2) of the statute rather than subsection (5), even though its text refers to subsection (5)'s concept of "by means of force and/or intimidation." During the charge to the jury, the trial judge read the language

explaining the "providing aid" concept of subsection (2), not the "force or intimidation" concept of subsection (5). Confusing matters further, the verdict form used by the jurors incorporated the "force or intimidation" verbiage of subsection (5). Nonetheless, the judgment of conviction cites to subsection (2), and not subsection (5).

We discern no way to salvage this predicament. The statutory citation within the indictment and the content of the jury charge do not align with the language on the verdict form nor the descriptive language within the indictment. We are unpersuaded by the State's argument that this dissonance is inconsequential, or that the "provide aid" language in subsection (2) encompasses the "force or intimidation" concept within subsection (5). The Legislature drafted the two subsections to cover distinct scenarios, and we must not assume the provisions within subsection (5) are mere surplusage. In re Att'y Gen.'s "Directive on Exit Polling: Media & Non–Partisan Pub. Int. Grps.," 200 N.J. 283, 297-98 (2009).

To its credit, the State acknowledges the errors in the indictment and the verdict sheet, and the failure of the judgment of conviction to comport with the verdict sheet. The State urges us to treat these mistakes as harmless, but we will

not do so, particularly since defendant received a rather lengthy (albeit concurrent) prison sentence on the hindering count.

In sum, the flaws in the jury charge and related items were sufficiently material to require defendant's conviction to be set aside. The matter shall be set down for a new trial.

III.

Defendant's argument that his conviction for facilitating escape in count eight is against the weight of the evidence warrants little comment. Defendant did not preserve a right to appeal on this ground because he did not move for a judgment of acquittal under either Rule 3:18-1 before the verdict or within the ten days post-verdict pursuant to Rule 3:18-2. Moreover, even if defendant's arguments were not procedurally barred, there was a reasonable basis for the jury to find him guilty of facilitating an escape by his father from the federal marshals. State v. Perez, 177 N.J. 540, 549-50 (2003) (citing State v. Reyes, 50 N.J. 454, 458-59 (1967)). In this regard, we adopt by reference the analysis in our previous opinion in State v. Eli, explaining why the evidence reasonably supported defendant's father's conviction for escape. Eli, slip op. at 17-18.

16

## IV.

Lastly, even if defendant's convictions were not set aside, the State concedes the matter must be remanded for resentencing because the second judge who presided over defendant's sentencing did not implement the first judge's order downgrading the hindering change from second-degree to third-degree. The State also agrees that at a resentencing the trial court can reconsider defendant's contention that the hindering and aggravated assault offenses should have merged into the facilitating escape charge.

Reversed and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17                                              A-4133-18